[No. 9890.  *En Banc.*  October 13, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Louis I. Lefebvre, Plaintiff,* v. M. L. CLIFFORD, *Judge etc., Respondent.*[1]

VENUE—CHANGE—PREJUDICE OF JUDGE—TIME FOR APPLICATION— WAIVER—STATUTES—CONSTRUCTION.  Laws 1911, p. 617, §§ 1 and 2, providing that no judge of the superior court shall sit to hear or try a cause when he is prejudiced against any party or attorney, and that such may be established by motion supported by affidavit, provided that no more than one application shall be made, under a reasonable interpretation, requires a timely application that will not interfere with the administration of justice; and the application is too late where the party submits himself to the jurisdiction of the court, and first sought a continuance of the trial only for the convenience of counsel (GOSE, J., dissents).

Application for a writ of mandamus, filed in the supreme court September 25, 1911, to compel the superior court for Pierce county, Clifford, J., to grant a change of venue. Denied.

*Gordon, Easterday & Askren,* for relator.

*Lefebvre & Foss* and *Frank Kelley,* for respondent.

DUNBAR, C. J.—On the 13th day of September, 1911, a petition was filed in the juvenile court of Pierce county, Washington, wherein it was alleged that one Lizzie Magnusen, the mother of Marjorie Rieman, was not a fit and proper person to have the care, custody, and control of the said Marjorie Rieman, and that in consequence thereof said Marjorie Rieman was a delinquent child; and prayed the judge of said juvenile court to make due and full inquiry into the welfare of said Marjorie Rieman, and to do therein what was for the best interests of said child.  Under said petition, summons was duly issued by the Honorable W. O. Chapman, judge of the said juvenile court, notifying the

[1]Reported in 118 Pac. 40.

said Lizzie Magnusen to be present in court with the body of said Marjorie Rieman for the purposes of such inquiry. Appearance was made on the 18th day of September, and continued until the 20th day of September. Prior to the 20th day of September, Lizzie Magnusen, by her attorney, presented to said Judge Chapman an affidavit of prejudice; whereupon said Judge Chapman transferred such proceedings to the Honorable M. L. Clifford, one of the superior judges of Pierce county. Thereafter Judge Clifford fixed the time for the hearing of said cause for the 22d day of September. Thereafter the petitioner in this application made application to Judge Clifford for a continuance until the 25th day of September, and the court thereupon continued said cause until the 25th day of September.

The petitioner in this proceeding alleges that, on the 22d day of September, 1911, Judge Clifford, upon the request of the attorney for Mrs. Magnusen and without notice to the petitioner, made an order, wherein and whereby he vacated the order theretofore made by the Honorable Judge Chapman, placing the custody of said child in the hands of one Mrs. Frank H. Kelley, the wife of the attorney of Mrs. Magnusen, and made a further order permitting said child to leave the jurisdiction of said court in company with said Lizzie Magnusen; and for these reasons made an application for a change of venue from Judge Clifford, alleging prejudice. This application was presented on the 23d day of September, 1911, and was denied. Whereupon the petitioner asked this court for a writ of mandamus to compel Judge Clifford to grant said change of venue.

The statute upon which this application is based is chapter 121, Laws 1911, page 617, section 1 of which is as follows:

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge

is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. . . ."

Section 2 is as follows:

"Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: *Provided, further,* That no party or attorney shall be permitted to make more than one application in any action or proceeding under this act."

The petitioner relies upon the literal wording of the statute, and insists that it is not susceptible of construction. This is undoubtedly true, if he has brought himself within the provisions of the statute as reasonably interpreted. It seems plain that the duty of the judge is single, to transfer the cause when it is established that he is prejudiced against a party to the suit or his attorney. And section 2 of the act unequivocally provides that such prejudice may be established by affidavit of the party or his attorney. But this means no more than that the affidavit should be taken to be true, or need not be substantiated by proof, and cannot be disputed. But the spirit and reason of the law must be regarded, and it was the evident intention of the legislature that this objection should be made orderly and in time, to the end that there should be no undue interference with the administration of justice, while at the same time parties litigant should be protected against prejudiced judges. But the prejudice spoken of in the act, as we construe the statute, is a personal prejudice against the litigant or his attorney, and if the litigant or his attorney believes that such prejudice exists, no matter whether there is any foundation for the belief or not, the writ must be granted under the provisions of the statute; and when the party is haled into court before such a judge, he is privileged under the statute to demand a transfer of the case.

But in this particular case it affirmatively appears, by the petition and by the affidavit on which the petition is based, that the belief that the judge was prejudiced was based upon certain rulings made by the court in the case after the jurisdiction of the court attached, after a continuance had been asked for by the petitioner—a continuance not for the purpose of presenting a petition for a change of venue but, as is alleged in the petition, for the reason that the petitioner's attorney had met with an accident and was not able to try the case on the merits upon the date set by the court—and after orders in the case had been made by the judge. It is true these orders were not made upon the merits of the case; but the statute does not, by specific provision or by any intendment, limit the right to make the application at any time before the trial on the merits. If literally construed, the right would exist at any time prior to the entering of the judgment. But to place such a construction on the law is to charge the law-making power with an intention to cripple and handicap the courts in their attempted enforcement of the law, to an intolerable extent. Hence the necessity of construction; and construing the law and attempting to ascertain its meaning, we cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.

The writ will be denied.

PARKER, MOUNT, CROW, and ELLIS, JJ., concur.

GOSE, J. (dissenting)—I think the application for a change of venue was timely and that it should have been granted. I therefore dissent.