[No. 9984. Department One. November 15, 1911.]

THE STATE OF WASHINGTON, *on the Relation of W. M. Jones, Plaintiff,* v. WILSON R. GAY, *Judge etc., Respondent.*[1]

VENUE—CHANGE—PREJUDICE OF JUDGE—TIME FOR MOTION. A motion for a change of venue upon an affidavit of prejudice of the judge, under Laws 1911, p. 617, is timely, where the accused was not represented by counsel at the time of arraignment and plea when the cause was set for trial, and counsel made the motion at the time of their first appearance, shortly after learning that the trial had been set.

PROHIBITION—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL. Prohibition lies to prevent a judge from trying a cause after erroneously denying a motion for a change of venue on account of prejudice, where the relator is in jail on a charge of felony and unable to furnish bail; as the remedy by appeal is not speedy or adequate.

Application for a writ of prohibition, filed in the supreme court November 2, 1911, to prohibit the superior court for King county, Gay, J., from proceeding with the trial of a cause. Granted.

*Willett & Oleson,* for relator.

MOUNT, J.—Upon petition of the relator, filed on November 2, 1911, this court issued a temporary writ of prohibition, and also an order upon respondent to show cause, upon November 10, 1911, why a peremptory writ should not issue,

[1]Reported in 118 Pac. 830.

prohibiting the respondent from proceeding with the trial of the case of the state of Washington against relator, wherein the relator was charged with a felony. The writ appears to have been duly served, but no appearance has been made by or on behalf of the respondent. It appears, that the relator is in custody in King county, charged as a felon by an information filed by the prosecuting attorney of that county; that on October 21, 1910, relator was arraigned before respondent upon said charge, and on October 25 following, entered a plea of not guilty. Thereupon respondent made an order fixing the date of the trial for November 7, 1911. On October 25, 1911, O. L. Willett and Frank Oleson, attorneys at law, were employed to defend the relator against the criminal charge. These attorneys were not informed of the plea, and were not present in court when the plea was entered, or when the order was made fixing the date of the trial. They learned of the facts on October 26, 1911. On October 28, 1911, Mr. Willett, one of the relator's attorneys, filed an affidavit of prejudice of respondent, under the provisions of chapter 121, Laws 1911, page 617, and moved the court for a change of judges. This motion was denied upon the ground that it was out of time.

It is apparent that the affidavit and motion were timely made. The attorneys filed the motion upon first appearance in the case, and before the court had made any order in the cause except one fixing the time for the trial. At the time of the arraignment and plea, the relator had not been represented by counsel, and his counsel had no notice that the court was about to make an order fixing the time of trial. This case is clearly unlike the case of *State ex rel. Lefebvre v. Clifford, ante* p. 313, 118 Pac. 40, where orders had been asked for by counsel and denied by the court, and where prejudice of the court was based upon rulings made in the progress of the case. No such conditions exist in this case, and the rule there stated does not control.

It may be said that this is error which may be reviewed

upon appeal from a final judgment, and therefore the writ
will not issue.    The denial of the motion for a change of
judges was no doubt error, and we have many times held
that, whether the court is acting with or without jurisdiction,
the writ will not issue where there is a speedy and adequate
remedy by appeal.    We are of the opinion, however, that an
appeal is not an adequate or speedy remedy in this case.    It
appears that the relator is in custody under a charge of a
felony, and financially unable to furnish bail or prosecute an
appeal.    He is entitled, under the constitution, to "a speedy
public trial by an impartial jury" (art. 1, § 22), and an
unbiased judge (Laws 1911, page 617, § 1); which cannot
be had in this case unless this writ is granted.

A peremptory writ is therefore ordered.

DUNBAR, C. J., PARKER, GOSE, and FULLERTON, JJ.,
concur.