[No. 9941.  Department One.  July 8, 1912.]

M. GARVEY, *Plaintiff*, v. ERIC SKAMSER, *Appellant*,

THOMAS B. FORSYTH, *Respondent*.[1]

VENUE—CHANGE—BIAS OF JUDGE—APPLICATION—EFFECT—JURISDICTION. An application to transfer a cause to another judge upon an affidavit of prejudice, divests the first judge of jurisdiction to try the case on the merits, if the application is timely made.

JUDGMENTS—VACATION—NOTICE. An order transferring the cause to another judge, upon an affidavit of prejudice, can only be vacated for fraud in procuring it, after a hearing and the notice required by Rem. & Bal. Code, §§ 242, 244.

VENUE—BIAS OF JUDGE—AFFIDAVIT OF PREJUDICE—SUFFICIENCY. An affidavit of prejudice stating that affiant "believes" the judge is prejudiced instead of stating that he "is prejudiced," as re-

[1]Reported in 124 Pac. 688.

quired by statute, is sufficient where the statute gives a change of judges where the party or his attorney, "cannot, or believes that he cannot, have a fair and impartial trial."

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 9, 1911, dismissing a petition to vacate a judgment. Reversed.

*W. B. Osbourn,* for appellant.

*Garvey, Kelly & MacMahon,* for respondent.

GOSE, J.—This is an appeal from an order denying a petition to vacate a judgment and decree of foreclosure. The essential facts, as disclosed by the record, are as follows: The plaintiff, Garvey, commenced an action in the superior court of Pierce county for the foreclosure of a certificate of delinquency. The respondent, Forsyth, filed an answer and cross-complaint. By the cross-complaint, he sought to foreclose a mortgage, executed by the appellant, Skamser, upon the property covered by the certificate of delinquency. On June 19, 1911, a decree was entered on the cross-complaint, foreclosing the respondent's mortgage. The decree recites that the appellant, pending the tax foreclosure proceedings, paid the taxes, interest, and costs to the county treasurer of Pierce county. On July 19, 1911, the appellant, the owner of the mortgaged property, filed a petition for the vacation of the foreclosure decree. The substance of the petition is, that, pending the tax foreclosure proceeding, he paid and satisfied the tax lien in full; that he relied upon the promise of the respondent that he would dismiss the cross-bill, and did not answer, and in effect that the decree was obtained by over-reaching and fraud.

On the last named date, an order was made by Judge Easterday, one of the superior court judges of Pierce county, setting the petition for hearing on the 14th day of August. On the latter date, the hearing on the petition was continued until the 4th day of September, by Judge Card. On Septem-

ber 2, by "consent of counsel," the hearing was continued to September 9, 1911, at two o'clock p. m.   On September 9, counsel for the appellant filed the statutory motion and affidavit for a transfer of the cause from the department presided over by Judge Clifford to some other department of the superior court.   The affidavit made by the appellant's counsel states, "that this affiant believes that the said Judge Clifford is prejudiced against this affiant, and by reason thereof believes that he cannot have a fair and impartial trial before said judge, and requests that the said cause be transferred to another department of said court."   On the same day, the following transfer order was entered:

"Upon reading the affidavit of W. B. Osbourn filed herein, and upon motion of attorney for defendant, Eric Skamser, it is ordered that this proceeding be and the same is hereby transferred to Department No. 3 of said court.   And the said proceeding is hereby ordered continued pending the order of the judge of said department.   Dated this 9th day of September, 1911.   M. L. Clifford, Judge."

Thereafter, and upon the same day, an order was entered by Judge Clifford, dismissing the petition to vacate the judgment and decree.   This is the order sought to be reviewed by the appeal.

The last order recites, that the transfer order was entered upon the representation of counsel for the appellant that the attorneys for the respondent consented to the order of transfer; that the order was signed in reliance upon that representation; that later in the day the respondent's attorneys appeared and informed the court that they had not consented to the order; that thereupon the court instructed the attorneys for the respondent that, if they could notify the attorneys for the appellant "in any way," the court would "hear and determine the petition at two o'clock, p. m.;" that they did so notify the appellant, "and through him his attorneys;" that in fact the attorneys knew respondent had not consented to the order of transfer; that the order was "obtained by fraud and was sought for delay only,

and is void and has been vacated;" that there was no appearance for the appellant; that the court, having considered the affidavit for transfer, and having considered the petition and the answer tendered therewith and the affidavits presented on behalf of the respondent, determined that the petition should be dismissed.

This is certainly a novel order. After the order was entered transferring the hearing to another department, the judge who made the order had no jurisdiction to hear the petition on the merits. Laws 1911, page 617; *State ex rel. Nelson v. Yakey*, 64 Wash. 511, 117 Pac. 265. On the presentation of the motion and affidavit, it was the imperative duty of the judge to transfer the case to another department. His duty to do so depended upon the statute, and not upon the consent of opposing counsel. He could only deny the application on the ground that it was not timely. *State ex rel. Jones v. Gay*, 65 Wash. 629, 118 Pac. 830; *State ex rel. Lefebvre v. Clifford*, 65 Wash. 313, 118 Pac. 40.

If, however, the order was obtained by fraudulent statements, it could only be vacated after a hearing had upon the statutory notice. Rem. & Bal. Code, §§ 242, 244. This notice was not given. It would be a reproach to the law to permit an officer of the court to be convicted of a fraud, and to have the consequences of the fraud visited upon the client, upon an *ex parte* hearing. The facts which were thought to constitute the fraud do not appear of record, but only by the affidavit of counsel. The appellant had a right to the statutory notice and to a day in court to meet the charges. This has been denied him.

The respondent argues that the affidavit is insufficient in that it avers that the affiant "believes" the judge to be prejudiced, whereas it should state that he "is prejudiced." The purpose of the statute is to give a change of judges upon a timely application where "the party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge." The affidavit is sufficient.

It is further argued that the matter of the vacation of the judgment is within the discretion of the trial court, and that the petition must be pressed with diligence. These questions are not before us. The appellant complains because he has not had a hearing on his petition. It was timely filed, and he is entitled to a hearing.

The judgment is reversed, with directions to proceed in conformity with this opinion.

CHADWICK, CROW, and PARKER, JJ., concur.