[No. 11617.  Department Two.  January 31, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Thomas W. Russell et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

CONTEMPT—PUNISHMENT. There is no inherent right vested in any particular judge to hear and determine a charge of constructive contempt committed out of the presence of the court.

VENUE — CHANGE — BIAS OF JUDGE — CONTEMPT — "PROCEEDING"— STATUTES—CONSTRUCTION. A prosecution upon information for constructive contempt, committed out of the presence of the court, is a "proceeding" within 3 Rem. & Bal. Code, §§ 209-1, 209-2, providing that no superior court judge shall sit to hear or try any action or proceeding when it is established that he is prejudiced against any party or attorney.

SAME—RIGHT TO CHANGE. Upon an application for a change of judges, seasonably made under 3 Rem. & Bal. Code, § 209-1, a party is entitled to the change as a matter of right.

Application filed in the supreme court October 18, 1913, for a writ of mandate to the superior court for King county, Humphries, J., to compel the transfer of a cause to another judge. Writ issued.

*Geo. H. Rummens,* for relators.

*H. E. Foster,* for respondent.

CROW, C. J.—The relators ask of this court a writ of mandamus, directed to Honorable John E. Humphries, judge of the superior court of King county, requiring him to transfer a certain cause to another judge for trial, to call in

[1]Reported in 138 Pac. 291.

some other superior court judge to try the cause, or to request the governor to do so. Relators' application shows the following proceedings: On September 24th, 1913, H. E. Foster, as deputy prosecuting attorney in and for King county, presented to respondent an affidavit charging the relators, Thomas W. Russell and Emil Hendrickson, with a contempt of court committed out of the presence of the court, the substance of the charge being that, on September 22, 1913, a certain action was pending in the superior court of King county, in which the state of Washington was plaintiff and Millard Price and others, were defendants; that, prior to September 22, 1913, the relators unlawfully and wrongfully conspired with numerous other persons to interfere with the proceedings of the superior court in said cause; that they did so for the purpose of intimidating the respondent judge, before whom the cause was then pending, and that, with such intention, they adopted certain written resolutions of contemptuous character. A specific statement of the resolutions is unnecessary. Upon the filing of this affidavit, a citation was issued requiring the relators to appear before the superior court, and the Honorable John E. Humphries, judge thereof, to answer the charge of contempt.

Before further proceedings were had, the relators seasonably filed a motion in strict compliance with ch. 121, Laws 1911, p. 617 (3 Rem. & Bal. Code, §§ 209-1, 209-2), requesting a change of judges, and supported their motion with an affidavit, which, in the language of the statute, recited that the Honorable John E. Humphries, before whom the proceeding was then pending, was prejudiced against each of them, and against their interest in the cause. Their affidavit in substance further alleged that the respondent John E. Humphries, from the bench, and in open court, on several occasions, had expressed his feelings openly and publicly relative to the relators; that he had stated they were guilty of contempt, and that he intended to adjudge them guilty and sentence them to jail. Respondent denied the

motion, struck the affidavits, and ordered the relators to appear before him for trial on October 3, 1913. Thereupon, they applied to this court for an alternative writ of mandamus, and a show cause order, which was issued.

Respondent has interposed a motion to quash on the ground that the alternative writ was irregularly and improperly issued. It will be unnecessary to pass upon this motion, as the cause is now before us for hearing upon the merits, and the vital question at this time is, whether a peremptory writ shall issue.

Relators are charged with a constructive contempt, predicated on alleged acts done out of the presence of the court, which acts tended to belittle and degrade the court, and were intended to interrupt, prevent, and embarrass the administration of justice. Respondent contends that ch. 121, Laws 1911, p. 617, does not apply to prosecutions for contempt, as the superior court has inherent power to summarily hear and determine such causes and punish all parties who may be in contempt; that the judiciary is a coordinate branch of the government; that its inherent right to punish parties guilty of contempt cannot be destroyed; and that the legislature has no power to withdraw this inherent power from the courts.

An argument of this kind might well be made relative to the right of a court to summarily punish for a direct contempt committed in the immediate presence of the court, but that question is not before us and need not be determined at this time. A different question is presented where a party is charged with constructive contempt committed out of the presence of the court, as, in such an instance, no such inherent right is necessarily vested in any particular judge of the court. The act of 1911 provides:

"Sec. 1. No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or

the interest of any party or attorney appearing in such cause. In such case the presiding judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court, or apply to the governor to send a judge, to try the case; . . .

"Sec. 2. Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge; . . ." 3 Rem. & Bal. Code, §§ 209-1, 209-2.

That a prosecution upon information for constructive contempt committed without the presence of the court is a *proceeding* in contemplation of this statute cannot be successfully questioned. In *Lamonte v. Ward*, 36 Wis. 558, it was held, under a statute authorizing the removal of any cause or "matter," that a contempt proceeding if not a cause was at least a "matter" and could be removed. In *Back v. State*, 75 Neb. 603, 106 N. W. 787, a prosecution for constructive contempt, the court held that contempt cases are removable as other cases, although it was further held that the showing there made was insufficient to require a removal.

A discussion of the facts is unnecessary. Relators' affidavit filed in this court in support of their application is sufficient to show not only that the respondent judge was prejudiced against the relators, but also shows that, in open court, and in advance of any hearing, he made an announcement of his intention to imprison them in punishment for the alleged contempt. We have frequently held that, upon a showing seasonably made in compliance with the statute, a moving party is entitled to a change of judges as a matter of right. *State ex rel. Nelson v. Yakey*, 64 Wash. 511, 117 Pac. 265; *State ex rel. Lefebvre v. Clifford*, 65 Wash. 313, 118 Pac. 40; *State ex rel. Jones v. Gay*, 65 Wash. 629, 118 Pac. 830; *State ex rel. Moore v. Superior Court*, 70 Wash. 362, 126 Pac. 926.

On the record before us, relators were entitled to an order for a change of judges. It therefore follows that a writ of mandamus should issue directing the respondent judge to grant their motion.

Let the writ issue.

PARKER, MORRIS, FULLERTON, and MOUNT, JJ., concur.