[No. 11814, Department One. February 20, 1914.]

THE STATE OF WASHINGTON, *on the Relation of James Deavers et al., Plaintiff*, v. WALTER M. FRENCH, *Judge etc., Respondent.*[1]

VENUE—CHANGE—BIAS OF JUDGE—TIME FOR APPLICATION. An application for a change of venue on account of the bias of the judge, under 3 Rem. & Bal. Code, § 209-1, is timely where the applicant appeared on December 4th by a motion to make the complaint more definite and certain, and applied for the change of judges December 31, prior to the determination of the other motion.

MANDAMUS—RETURN—RECORD. In mandamus to a trial judge, a return alleging acquiescence by the relator in orders complained of, cannot prevail where the record shows no acquiescence.

VENUE—CHANGE—BIAS OF JUDGE—TIME FOR APPLICATION. An application for a change of venue on account of the bias of the judge, under 3 Rem. & Bal. Code, § 209-1, is not timely when not made until after the court had made one or more adverse rulings against the applicants in settling the issues.

[1]Reported in 138 Pac. 869.

Application filed in the supreme court January 23, 1914, for a writ of mandamus to the superior court for Kitsap county, French, J., for a change of judges. Granted.

*J. B. Metcalfe* and *Walter B. Allen,* for relators.

*Vince H. Faben,* for respondent.

Gose, J.—Application for writ of mandate. On the 30th day of October, 1913, George W. Trahey and wife commenced an action in the superior court of Kitsap county, against the relators and others, for the purpose of setting aside certain conveyances affecting the title to real property, for an accounting, and to quiet the title of the plaintiffs to the property in controversy. Walter B. Allen appeared for himself and wife, and General James B. Metcalfe appeared for the relators Deavers. On the 4th day of December, 1913, the relators Deavers, by their counsel, filed a motion to make the complaint more definite and certain. On the 31st day of December they filed a motion and affidavit for a change of judges. This application was noticed for hearing upon January 3, 1914, and was denied on that date upon the ground that it was not timely. The order denying the motion for a change of judges recites that the court did not desire to try a case where an affidavit of prejudice had been filed, and that he would settle all preliminary questions and then call another judge to try the case.

After denying the motion for an immediate change of judges, the motion of Deavers to make more definite and certain was overruled, as was the previous like motion of the relators Allen. The motion of the relators Deavers for a change of judges was the first question ruled upon as to them. There had been a previous adverse ruling as to the Allens. The return of the respondent judge shows that he denied the motion of the relators Deavers for a change of judges, believing that it was interposed on behalf of the Allens against whom he had made a previous adverse ruling upon prelimi-

nary questions. The application of the relators Deavers for a change of judges was timely, and should have been granted. Laws 1911, page 617 (3 Rem. & Bal. Code, § 209-1 *et seq.*) ; *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40; *State ex rel. Nelson v. Yakey,* 64 Wash. 511, 117 Pac. 265.

The return of the respondent further states that counsel for the Deavers, after the denial of his motion, stated the ruling was "perfectly satisfactory." The record, however, shows no acquiescence upon their part. We rest the case upon the record.

No error was committed in denying the application of the relators Allen for a change of judges. Their application was not timely. It was not made until after the court had made one or more adverse rulings against them in settling the issues.

Let the writ issue.

CROW, C. J., MAIN, ELLIS, and CHADWICK, JJ., concur.