[No. 12614.   Department One.   May 29, 1915.]

NATIONAL LUMBER & BOX COMPANY, *Respondent*, v. TITLE GUARANTY & SURETY COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS — STREET IMPROVEMENT — CONTRACTS— BOND OF CONTRACTOR—LIABILITY—SUPPLIES. A bond given by a contractor to secure payment of laborers and materialmen upon public work and all persons who shall furnish the contractor with "provisions and supplies" for the carrying on of said work, in compliance with Rem. & Bal. Code, § 1159, covers sums due for the rental of a donkey engine furnished to the contractor on city street improvement work.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered June 24, 1914, upon findings in favor of the plaintiff, in an action upon indemnity bonds, tried to the court. Affirmed.

[1]Reported in 149 Pac. 16.

*Frank Beam*, for appellant.

*Bridges & Bruener*, for respondent.

PARKER, J.—The plaintiff, National Lumber & Box Company, seeks recovery upon three street improvement contract bonds executed by William Dutcher, as principal, and the defendant, Title Guaranty & Surety Company, as surety. Trial before the court without a jury resulted in findings and judgment in favor of the plaintiff in the sum of $375, from which the defendant has appealed.

The bonds sued upon were given to secure the performance by Dutcher, as contractor, of three street improvement contracts for the city of Aberdeen, and also to secure payment by him to all persons furnishing him with provisions and supplies for the carrying on of the contracts. The bonds were executed in compliance with Rem. & Bal. Code, § 1159 (P. C. 309 § 93), relating to contracts for public improvements. The contracts and bonds were executed in the fall of 1910, and thereafter the work under the contracts was prosecuted by Dutcher up until May, 1911, when he became insolvent and unable to proceed further in the performance of the contracts. On June 3, 1911, respondent presented to the city council of the city of Aberdeen a notice of claim for the rental of a donkey engine which it had furnished to Dutcher for use in the performance of the contracts. This notice was presented with a view of complying with Rem. & Bal. Code, § 1161 (P. C. 309 § 97.), as a condition precedent to its right to sue upon the bonds. Respondent's claim, as evidenced by the notice, was for rent of the engine for six months, at a monthly rental of $75 per month, which was claimed as the agreed rental and the period of time the engine was used by Dutcher upon the work of the contracts.

Counsel for appellant contends that the trial court erred in overruling its demurrer to respondent's complaint. The only argument advanced in this behalf is that the rental of a

donkey engine used as this one was is not included within the terms "provisions and supplies" as used in Rem. & Bal. Code, § 1159 (P. C. 309 § 93), and is therefore not a secured item under the terms of a bond given in accordance with that section. This question has been disposed of adverse to counsel's contention by our decision in *Hurley-Mason Co. v. American Bonding Co.*, 79 Wash. 564, 140 Pac. 575, where we held that the rental of a pump and hoisting derrick furnished to a contractor to be used, and actually used, in the erection of a city bridge was secured by a bond given in compliance with this law. It seems plain to us that there is no difference in principle between the securing of rental for such an appliance and the securing of rental for a donkey engine used upon public work as this one was. Counsel's argument seems to be directed largely to an effort to secure the overruling of that decision. We are, however, satisfied with the conclusion there reached, and think the question does not require further discussion.

Counsel strenuously argues that the evidence does not support the conclusion reached by the trial court, especially in that the judgment is excessive. We deem it sufficient to say that we have carefully read all of the evidence as found in the statement of facts, and are unable to say that the evidence does not preponderate in favor of the conclusion reached by the trial court.

Other claimed errors relate to rulings of the trial court upon motions of appellant directed to respondent's complaint. These are presented to us practically without argument and wholly without citation of authorities. There may have been technical error in the rulings complained of, but in view of the whole record, we think they were in any event without prejudice to appellant's rights.

The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.