[No. 12757.    Department Two.    May 29, 1915.]

THE STATE OF WASHINGTON, *on the Relation of M. A. Hanne-bohl et al., Plaintiff,* v. THE SUPERIOR COURT FOR PACIFIC COUNTY, *Edward H. Wright, Judge, Respondent.*[1]

VENUE—CHANGE—PREJUDICE OF JUDGE—MOTION — JURISDICTION OF COURT. Under 3 Rem. & Bal. Code, § 209-2, authorizing change of judge for prejudice, the filing of a motion for change of judge, accompanied by an affidavit of prejudice, divests the lower court of jurisdiction to further proceed in the action, although made in connection with defendant's first appearance in the action.

APPEARANCE—DEMURRER OPERATING AS. Where a defendant files a demurrer after the time for appearance has expired, but before any rule has been entered against him, the filing of the demurrer constitutes an appearance, and hence leave of court therefor would be unnecessary.

Application filed in the supreme court April 9, 1915, for a writ of mandamus to the superior court for Pacific county, Edward H. Wright, J., for a change of judges. Granted.

*Fred M. Bond,* for relators.

*Paul Holbrook,* for respondent.

PER CURIAM.—Relators sued out an alternative writ of mandate addressed to respondent upon his refusal to grant relators' motion for change of judge. Relators were served in the action below on March 2d and 4th respectively. On April 1st, they appeared by filing a demurrer, at the same time filing a motion for change of judge, accompanied by the usual affidavit of prejudice. On April 5th, counsel for plaintiff below moved for relators' default, and at the same time called up for hearing relators' motion for change of judge. Upon this hearing respondent held that relators had no standing in court, as they had appeared without having obtained leave of court. Relators' demurrer and motion were

[1]Reported in 149 Pac. 16.

stricken and plaintiff's motion for default granted. Upon these facts the writ must be granted. The filing of the motion for change of judge, accompanied by the affidavit of prejudice, divested the lower court of jurisdiction to further proceed in the action. *State ex rel. Russell v. Superior Court*, 77 Wash. 631, 138 Pac. 291, and cases cited.

There is no merit in the contention that relators were in default, or that their demurrer was properly stricken because of their failure to obtain leave of court before appearing in the action. Although the time for appearance had expired, no rule had been entered against relators, and they were not in default, nor was it necessary for them to obtain leave of court before entering their appearance in the action. The filing of the demurrer was such an appearance. The filing of the motion for change of judge, being made in connection with the relators' first appearance in the action, was a full compliance with the statute. 3 Rem. & Bal. Code, § 209-2. Much is said by counsel for respondent as to the abuse of this statute. Conceding that fact, it does not eliminate the mandatory features of the statute and the necessity for a full compliance with its terms. The fault must be corrected by the legislature and not by the courts.

We find no merit in the objections to the issuance of the writ, and the same will issue.