[No. 15282.   Department Two.   April 16, 1919.]

THE STATE OF WASHINGTON, *on the Relation of
S. W. Dunham et al., Plaintiff*, v. THE
SUPERIOR COURT FOR LEWIS COUNTY,
*Respondent*.[1]

JUDGMENT (100, 102)—VACATION—WANT OF NOTICE. An order for change of judges entered without notice is properly vacated on motion.

VENUE (21)—CHANGE—PREJUDICE OF JUDGE—AFFIDAVITS. An affidavit of prejudice may be made by either the party or attorney, under a liberal construction of Rem. Code, § 209-1, providing for a change of venue if the judge is prejudiced against any party or attorney, and § 209-2, authorizing any party or attorney to establish such prejudice by motion supported by affidavit.

SAME (21). Rem. Code, § 209-2, providing that prejudice of the judge may be established by motion, supported by affidavits that the judge is prejudiced and the party cannot, or believes he cannot, have a fair trial, permits of an affidavit upon information and belief.

SAME (20)—CHANGE—TIME FOR DEMAND. The filing of a motion to make more definite and certain is not such a submission of the cause to the presiding judge as to waive the right to change of venue on account of prejudice of the judge.

[1]Reported in 180 Pac. 481.

SAME (20)—ABORTIVE MOTION. Where a motion for change of venue, granted without notice, was vacated, a second motion thereupon filed is not an abandonment of the first, within the statute prohibiting more than one application; since, if well taken, the first should have been granted, and if not well taken, it was abortive and of no legal effect.

MANDAMUS (21) — SUBJECTS OF RELIEF — CHANGE OF VENUE. A change of venue on account of prejudice of the judge being a matter of right, mandamus lies to compel the entry of the only order which the court has jurisdiction to enter on establishment of prejudice.

Petition filed in the supreme court March 18, 1919, for a writ of mandamus, to the superior court for Lewis county, Reynolds, J., to enforce a change of judges. Granted.

*H. E. Grimm,* for relators.

*W. W. Langhorne* and *S. C. White,* for respondent.

CHADWICK, C. J.—Relators brought this proceeding to compel respondent to make an order transferring an action in which the relators are made defendants and one Joe Lapinskie is plaintiff, to some other judge for hearing.

The original action was begun in Lewis county on or about the first day of February, 1919. On the 6th day of February, 1919, the defendants moved to make the complaint more definite and certain. This motion was noticed for hearing on the 17th day of February. On the 17th day of February, the attorney for the defendants made affidavit that he, the attorney, was informed and believed that the respondent herein, and before whom the said cause was pending, was prejudiced against the defendants, and that they, the defendants, could not have a fair and impartial trial before respondent, and moved the court that another judge be called to try the case. On the 17th day of February the respondent judge was not present in

court, being engaged in another county. He returned to Lewis county on the 18th day of February, whereupon counsel for the defendants presented his motion for a change of judges, and it was so ordered by the respondent. No notice of the filing of the motion or of the time for hearing was served upon the plaintiff or the attorneys in the original action. It coming to the notice of counsel that an order had been made, they filed a motion to vacate the order for a change of judges. The motion was noticed, and after hearing counsel, the court vacated and set aside the order. At the time of the hearing, counsel for the relators filed another motion, which was accompanied by the affidavit of the relators setting up the prejudice of the judge. This motion and the motion to make more definite and certain came on for hearing and were each overruled by the court, whereupon counsel for the defendants in the original action came to this court praying for a writ of mandamus to compel the respondent to call another judge or to transfer the action.

The order made on the 18th day of February was properly vacated. It was entered without notice. So that the only question left for us to decide is whether it was thereafter properly overruled.

If we understand the contentions of counsel for respondent, the motion was overruled because the affidavit of prejudice was made by the attorney and not by the defendants in their own behalf, and for the further reason that defendants, having filed a motion to make the complaint more definite and certain, had submitted themselves to the jurisdiction of the court.

While the statute (Rem. Code, §§ 209-1, 209-2) has been and will continue to be abused, it is a remedial statute and must be liberally construed.

"We have frequently held that, upon a showing seasonably made in compliance with the statute, a moving party is entitled to a change of judges as a matter of right." *State ex rel. Russell v. Superior Court,* 77 Wash. 631, 138 Pac. 291.

When considered in the light of its object, we find nothing in the statute that would preclude an attorney from making an affidavit of prejudice. The statute provides that,

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney." Rem. Code, § 209-1.

The after provisions of the statute are:

"Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge." Rem. Code, § 209-2.

We think the statute clearly contemplates that the affidavit may be made by the attorney or by the party, whichever it may be who has knowledge of the fact or who is willing to affirm a belief that a fair and impartial trial cannot be had before the presiding judge. The affidavit was made by counsel without challenge on that account in *Garvey v. Skamser,* 69 Wash. 259, 124 Pac. 688.

It is also claimed on behalf of the respondent that the affidavit is insufficient in that facts showing prejudice are not set out, and that the first motion—and which we are inclined to consider as controlling—is made on information and belief. Emphasis is put upon the word "established," and it is contended that

the facts showing prejudice should be set out. The statute does provide that no judge shall sit to hear or try a case when it is "established" that such judge is prejudiced, but it also provides that the fact of prejudice may be established "as hereinafter provided." It is provided that any party or any attorney may establish such prejudice by affidavit stating that the judge before whom the cause is pending is prejudiced, or that the affiant believes that a fair and impartial trial cannot be had before such judge.

"The prejudice spoken of in the act, as we construe the statute, is a personal prejudice against the litigant or his attorney, and if the litigant or his attorney believes that such prejudice exists, no matter whether there is any foundation for the belief or not, the writ must be granted under the provisions of the statute." *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40.

An affidavit on information and belief is within the statute which permits a showing of no more than a belief that a fair and impartial trial cannot be had. *Garvey v. Skamser,* 69 Wash. 259, 124 Pac. 688.

We do not attribute merit to the suggestion that the filing of a motion to make more definite and certain is such an appearance as to amount to a submission of the cause to the presiding judge. The only question we have ever been inclined to raise is whether the motion is timely made. We have held that a party may not invite a ruling, and being then dissatisfied, file an affidavit of prejudice. *State ex rel. Deavers v. French,* 78 Wash. 260, 138 Pac. 869; *State ex rel. Nixon v. Superior Court,* 87 Wash. 603, 152 Pac. 1. But we are not inclined to hold that an appearance by way of motion, demurrer, or answer may not be contemporaneous with or be followed by an affidavit of prejudice, if the court has not theretofore made any

ruling that may be said to go to the merits of the case. The relators are not objecting to the jurisdiction of the court, and a motion calling for a ruling upon the sufficiency of the complaint cannot for that reason be held to be a waiver of their right to transfer the case. They are objecting only to the right of the respondent as a person to pass upon the merit of the case. In *State ex rel. Deavers v. French, supra,* a motion to make more definite and certain was filed on December 4th. On December 31st a motion for a change of judges and an affidavit of prejudice were filed. Although it is not clear that the question was argued, it was in the record. The court held: "The application of the relators Deavers for a change of judges was timely, and should have been granted." In *State ex rel. Hannebohl v. Superior Court,* 85 Wash. 663, 149 Pac. 16, it was held not to be inconsistent practice to file a motion for a change of judges in connection with a demurrer going to the sufficiency of the complaint.

It is suggested that the filing of a second motion was a waiver of the first, and that the second motion cannot be considered by the court because the statute provides that "no party or attorney shall be permitted to make more than one application in any action or proceeding under this act." But this argument is unavailing. If the first motion was well taken, it should have been granted, but if not well taken, for the reasons assigned by counsel, it was an abortive attempt and had no legal force or effect. So that, whether we say the first motion was good or bad, the legal situation remains the same. If the first motion was good, it should have been granted; if it was bad because it was not a sufficient motion under the statute, the second motion was timely and its form is not challenged.

Counsel contend finally that, in any event, mandamus will not lie, citing, *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *In re Clerf,* 55 Wash. 465, 104 Pac. 622; *State ex rel. Woods v. Mackintosh,* 99 Wash. 553, 169 Pac. 990; wherein it is held that this court will not direct the judgment or the conduct of superior judges when they have passed judicially upon the matter in controversy. This would be true if the court were acting within its jurisdiction; but if a change of judges on account of prejudice is a matter of right, the only order that the court has power to enter is an order setting the case for trial before another judge or transferring the cause to another court, and whatever the state of the record may be, this court may compel the entry of the only order which the court has jurisdiction to make. *State ex rel. Nelson v. Yakey,* 64 Wash. 511, 117 Pac. 265; *State ex rel. Jones v. Gay,* 65 Wash. 629, 118 Pac. 830; *State ex rel. Russell v. Superior Court,* 77 Wash. 631, 138 Pac. 291; *State ex rel. Hannebohl v. Superior Court,* 85 Wash. 663, 149 Pac. 16; *State ex rel. Schutz v. Williams,* 127 Wis. 236, 106 N. W. 286; *Crook v. Newborg,* 124 Ala. 479, 27 South. 432, 82 Am. St. 190.

Reference to our decisions will disclose the·fact that mandamus has been the accepted remedy in this class of cases. The writ will issue.

MOUNT, MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.