[No. 15910.   Department One.   June 8, 1920.]

THE STATE OF WASHINGTON, *on the Relation of Mike Sheehan, Plaintiff*, v. W. A. REYNOLDS, *Judge etc., et al., Respondents.*[1]

VENUE (18)—CHANGE—PREJUDICE OF JUDGE—RIGHT TO SECOND CHANGE—STATUTES—CONSTRUCTION.   An accused having once demanded a change of venue or of judges on account of prejudice of the judge, is not entitled to seek another for prejudice of the new judge called in, under Rem. Code, § 209-2, which provides that no party or attorney shall be permitted to make more than one application.

Application filed in the supreme court May 11, 1920, for a writ of mandamus to compel the superior court for Lewis county, Back, J., to grant a change of judges. Denied.

*Ralph S. Pierce*, for relator.

*Herman Allen* and *J. H. Jahnke*, for respondents.

MAIN, J.—This is an original application in this court for a writ of mandamus.   The respondents are the Honorable W. A. Reynolds, judge of the superior court of Lewis county, and the Honorable R. H. Back, judge of the superior court of Clarke county.   The facts as shown by the affidavit in support of the petition for the writ which are not controverted, and the facts which are shown by the returns of the respondents to the alternative writ which are not denied, may be summarized as follows:

Elmer Smith and Mike Sheehan, together with other defendants, had been charged by information, by the prosecuting attorney of Lewis county, with the crime of murder in the first degree.   On the 26th of April, 1920, Smith and Sheehan were brought before Judge

[1]Reported in 190 Pac. 321.

Reynolds in order that they might enter their respective pleas to the information. While there were other defendants named in the information,. only the two mentioned were brought before the court, and the case will be here treated as though they were the only parties defendants jointly charged with the crime. When they appeared before Judge Reynolds, one of the attorneys for them, then being present, informed the court that a motion for change of judge had been filed in the cause, supported by an affidavit of prejudice. Judge Reynolds thereupon declined to proceed further with the case, and requested Judge Back, of Clarke county, to come to Lewis county for the purpose of presiding in the cause. On the fourth day of May, 1920, Smith and Sheehan were brought before Judge Back, then presiding as judge of the superior court in Lewis county, for the purpose of entering their pleas to the information. Before the case proceeded and before the pleas were taken, the attorney who was present representing the defendants informed the court that a motion for change of judge, and affidavit in support thereof, had been filed. This motion was heard and denied by the court. The first motion for change of judge, or that presented to Judge Reynolds, purports to be made by both of the attorneys of record for the defendants on behalf of the "undersigned defendant." The motion is supported by affidavit of the defendant Smith. Judge Reynolds, in his return, states:

"That, at the time the request was made for change of judge, I was given to understand and led to believe that the motion for change of judge applied to both of the defendants and it was so stated to respondent, and because of the filing of the affidavit for change of judge, I had no further jurisdiction in the cause over either of the defendants, except to designate to what judge the cause would be referred. . . ."

The second motion for change of judge, or that pre-
sented to Judge Back, recites that it was made on
behalf of the attorney for the defendant Sheehan, and
is supported by the affidavit of the attorney signing
the motion, in which affidavit it is claimed that Judge
Back is prejudiced against the attorney, and for this
reason the change of judge was sought.

From the facts stated, it appears that, while the
first change, that from Judge Reynolds, was supported
by the affidavit of one of the defendants, only the re-
cital in the return shows that the motion for change
of judge was intended to apply to both defendants.
The question presented by the facts stated is whether,
after there had been one change of judge on behalf of
both of the defendants, upon motion supported by
affidavit, that subsequently the attorney or attorneys
for the defendants were entitled to a second change,
upon a motion made by the attorney supported by his
affidavit that the judge called in to hear the case was
prejudiced against him. The question must be deter-
mined by recourse to the statute. Section 209-1 of
Remington's 1915 Code provides:

"No judge of a superior court of the state of Wash-
ington shall sit to hear or try any action or proceeding
when it shall be established, as hereinafter provided,
that such judge is prejudiced against any party or
attorney, or the interest of any party or attorney
appearing in such cause. . . ."

Section 209-2 is as follows:

"Any party to or any attorney appearing in any
action or proceeding in a superior court, may establish
such prejudice by motion supported by affidavit that
the judge before whom the action is pending is preju-
diced against such party or attorney, so that such
party or attorney cannot, or believes that he cannot,
have a fair and impartial trial before such judge:
Provided, further, that no party or attorney shall be

permitted to make more than one application in any action or proceeding under this act.''

The section of the statute first quoted provides that no judge of the superior court shall sit to hear or try an action when he is prejudiced against any party or attorney, or the interests of any party or attorney appearing in the cause. In this section there is no limitation upon the time when the right given by the statute may be exercised. If the language used is given its literal meaning, the right would exist up to the time of the entry of judgment, and such a construction as is pointed out in *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40, would hamper the courts in the administration of justice to an intolerable extent.

The second section prescribes the manner in which the prejudice of the judge may be established by any party or attorney appearing therein. In this section there is likewise no limitation until the proviso is reached, where it is provided that no party or attorney shall be permitted to make more than one application in any action or proceeding under the act. It is this proviso which is to be construed in this action. Is it to be so construed that, after the parties to an action have exercised their right to a change of judge under the statute, an attorney or attorneys may exercise a similar right as to the judge called in to hear the cause? If the language in the proviso were transposed so as to read in effect that not more than one application in any action or proceeding under the act shall be made by any party or attorney, it would be reasonably plain that, after the party has exercised the right to a change, the attorney could not claim a right to a subsequent change. While the proviso is probably not aptly worded, we are inclined to the view

that the legislature intended, by the limitation there placed upon the statute, to provide that only one change could be made, and after this right had been exercised by a party to the action, that an attorney for such party did not have a right to a second.

This view is but in accord with the views expressed in decisions of this court where the statute has been construed. Soon after the statute became effective, it came before the court for construction, and the court has consistently adhered to the view of giving it a construction which will not unnecessarily impede the administration of justice. In *State ex rel. Nelson v. Yakey,* 64 Wash. 511, 117 Pac. 265, referring to the statute, it was said:

"This statute is novel and introduces a new rule of practice. Like almost all instruments designed for protection, the statute may be subject to abuse. We feel warranted, therefore, in saying that we are not disposed to give it a construction that will operate to defeat or delay the progress of a case in those counties where there is but one judge."

In *State ex rel. Lefebvre v. Clifford, supra,* it was said, referring to the statute:

"If literally construed, the right would exist at any time prior to the entering of the judgment. But to place such a construction on the law is to charge the lawmaking power with an intention to cripple and handicap the courts in their attempted enforcement of the law, to an intolerable extent. Hence the necessity of construction; and construing the law and attempting to ascertain its meaning, we cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case."

In *State ex rel. Nixon v. Superior Court,* 87 Wash. 603, 152 Pac. 1, certain creditors in a receivership pro-

ceeding petitioned the court for the removal of the receiver, and at the same time filed an affidavit of prejudice against the presiding judge. It was there held that the statute would not be construed to permit, in the collateral proceedings, persons who may be interested in the result of the litigation, when they are not actual parties thereto, to disqualify the judge by means of an affidavit of prejudice. In the course of the opinion, this language was used:

"In addition to the reasons already stated above, we are satisfied that the judge may not be disqualified to try a pending receivership proceeding to final judgment when one or a portion of the creditors interested in the receivership made an affidavit that he is disqualified in some proceeding collateral to the receivership. If this may be done by one creditor, it may be done by other creditors against another judge who may be called in, and interminable confusion would necessarily result. We are clear that it was not the intention of the legislature to permit, in collateral proceedings, persons who may be interested in the result of litigation when they are not actual parties thereto, to disqualify a judge by means of an affidavit of prejudice."

By these decisions, and others that might be cited, it has become the settled rule that an application for change of judge under the statute must be timely and seasonably made and before the jurisdiction of the court has been submitted to.

Adhering to the view expressed in the former decisions of this court, as already stated, we think it was the intention of the legislature, by the proviso, not to permit the attorney to have a change of judge after the party to the action had once exercised the right given by the statute.

The writ will be denied.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and PARKER, JJ., concur.