[No. 15987.    Department One.    September 16, 1920.]

THE STATE OF WASHINGTON, *on the Relation of*
*P. J. Cody, Plaintiff,* v. THE SUPERIOR
COURT FOR SPOKANE COUNTY,
*R. M. Webster, Judge,*
*Respondent.*[1]

VENUE (18)—CHANGE—PREJUDICE OF JUDGE—CONTEMPT—STATUTES —CONSTRUCTION. A prosecution for constructive contempt committed out of the presence of the court, is a proceeding within Rem. Code, § 209-1, in which defendant is entitled to a change of venue upon applying therefor upon his first appearance to answer to the charge.

Application filed in the supreme court July 23, 1920, for a writ of mandamus to compel the superior court for Spokane county, Webster, J., to transfer a cause to another department of the court. Granted.

[1]Reported in 192 Pac. 935.

W. C. *Donovan*, for relator.

J. B. *Lindsley* and *Wm. C. Meyer*, for respondent.

MAIN, J.—This is an original application in this court for a writ of mandamus. The respondent is the Honorable R. M. Webster, one of the judges of the superior court for Spokane county. The purpose of the application was to require the respondent to transfer a cause pending before him to another department of the same court. On January 5, 1920, the respondent, as judge of the superior court of Spokane county, issued an injunction restraining and forbidding the parties to the action from doing certain things which it is unnecessary here to detail. The relator was not one of the defendants in the injunction suit, but it was provided in the order that all others not then known be restrained whose names and identity should be afterwards disclosed and who were associating, confederating, affiliating and acting in concert with the defendants named in the action. On July 6, 1920, an affidavit was filed in the injunction action charging the relator with contempt for violating the injunctive order. On the 17th day of July, 1920, a bench warrant was served on the relator and he was brought into court to answer the charge of contempt. Upon his first appearance a motion was made that the cause be transferred to another department of the same court. This motion was supported by an affidavit charging that the presiding judge, the respondent, was prejudiced against the relator. The motion for transfer was promptly made and the affidavit met the requirements of Laws of 1911, ch. 121, p. 617. The transfer was denied. The relator thereupon made application to this court for writ of mandamus to require the transfer.

In answering the alternative writ, the respondent replied that he had not made the transfer because the affidavit of prejudice statute, Laws of 1911, ch. 121, p. 617 (Rem. Code, § 209-1 *et seq.*), did not apply to a hearing for contempt, whether the contempt be direct or constructive. The contempt with which the relator was charged was not committed in the presence of the court, and was therefore constructive. This case cannot be distinguished from *State ex rel. Russell v. Superior Court*, 77 Wash. 631, 138 Pac. 291. There the relator was charged with contempt not committed in the presence of the court, and upon his first appearance in answer to the charge, made a motion for change of judge, supported by affidavit. The transfer was denied by the trial court in that case, and an application was here made for the writ of mandamus requiring the transfer. It was there held that the relator had a right to the transfer, and a writ of mandamus was issued directing the respondent judge in that case to grant the motion.. It is admitted that the *Russell* case is in point and controlling unless overruled. It is argued, however, that the case is unsound and should not be adhered to. It is said that, since the superior court is a constitutional court with inherent power to punish for contempt, any act of the legislature which would deprive it of this power is unconstitutional. This is not a new thought to the court, as the same matter has at times been suggested in consultation when cases involving the statute were under consideration. The court has, however, since the passage of the statute, in a considerable number of cases sustained the law, and we are not now inclined to disturb the holding in the *Russell* case. Since that case cannot be distinguished from the present one, it follows that the respondent was in error in failing to grant the transfer, and that

a writ of mandamus should issue directing that the motion be granted.

Let the writ issue.

HOLCOMB, C. J., FULLERTON, PARKER, and MITCHELL, JJ., concur.