[No. 16286.    Department Two.    August 9, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Joseph B. Lindsley, Prosecuting Attorney for Spokane County, Respondent,* v. JOHN GRADY *et al., Defendants,* BERNARD PARENT, *Appellant.*

THE STATE OF WASHINGTON, *on the Relation of Joseph B. Lindsley, Prosecuting Attorney for Spokane County, Respondent,* v. JOHN GRADY *et al., Defendants,* JOHN GRADY, *Appellant.*

THE STATE OF WASHINGTON, *on the Relation of Joseph B. Lindsley, Prosecuting Attorney for Spokane County, Respondent,* v. JOHN GRADY *et al., Defendants,* CHARLES CRAIG, *Appellant.*[1]

VENUE (18)—CHANGE—PREJUDICE OF JUDGE—CONTEMPT—STATUTES—CONSTRUCTION. One cited for contempt, charged with the violation of an injunction order by acts not committed in the presence of the court, is entitled to a change of judges on affidavits setting up the prejudice of the presiding judge.

Appeal from judgments of the superior court for Spokane county, Webster, J., entered July 12, 14, 17, 1920, upon trials and convictions of contempt. Reversed.

*W. C. Donovan,* for appellants.

*W. C. Meyer,* for respondent.

TOLMAN, J.—On January 5, 1920, the superior court for Spokane county issued an injunction in this cause, restraining and forbidding the defendants, and all others who were associated and acting in concert with them, from doing certain things not necessary to be

[1]Reported in 199 Pac. 980.

here detailed. Appellant John Grady was a defendant in the original action, while the appellants Craig and Parent were not parties thereto.

In July, 1920, separate affidavits were filed in the cause, charging each of the appellants separately with violating the injunction order by acts not committed in the presence of the court. Bench warrants were issued and each was brought into court to answer to the charge of contempt. Upon his first appearance on said charge, each of the appellants moved for a change of judges, and each motion was duly supported by the usual affidavit, charging that the presiding judge before whom the case was then pending was prejudiced. This motion was denied in each proceeding, as also were motions to quash, and demands for jury trials. Thereafter each appellant was tried, found guilty of contempt, and sentenced to serve a term in the county jail. Each appeals, and by stipulation the cases are here consolidated, because each presents the same question.

Although the question is here raised by appeal instead of by applying for a writ of mandate, an examination of the record convinces us that the point involved is identical with that decided in *State ex rel. Cody v. Superior Court,* 112 Wash. 571, 192 Pac. 935, and *State ex rel. Russell v. Superior Court,* 77 Wash. 631, 138 Pac. 291, and since our views have been fully expressed in those cases, a rediscussion of the matter seems unnecessary.

Upon the authority of those cases, we hold that it was error to deny the motions for a change of judges, and the judgments appealed from must be, and they are, reversed.

PARKER, C. J., MAIN, MITCHELL, and BRIDGES, JJ., concur.