## STATE ex rel HOWELL, Atty. Gen., v. BANK OF GLENROCK (SCHULTZ et al., Interveners.)*
### (No. 1291; March 1, 1927; 253 Pac. 665.)

Banks and Banking—Receivers—Grounds of Removal—Improper
Investment of Savings Deposits—Court Control of Receiver—
Discretion as to Removal of Receiver.

1. In proceedings for dissolution of bank, in which receiver was appointed, intervening depositors seeking his removal, though considered as parties, could not complain of appointment on ground that receiver, who was former cashier of bank, was interested in receivership matter, where some of interveners had given their consent to his appointment and it did not appear which of interveners withheld consent, as Comp. St. 1920, § 6185, providing no party, attorney, or person interested in any action shall be appointed receiver therein, makes exception in case of consent by parties.

2. That person appointed receiver of bank deposited money collected by him as receiver in another bank of which he was cashier *held* not ground for removal on petition of intervening depositors, in view of power of court to make proper order to safeguard funds in case it should appear that bank was not proper depositary.

3. Fact that person appointed receiver of bank was trustee of school district and as such trustee permitted funds of district to be deposited in bank without bond *held* insufficient ground for his removal on petition of deposi-

tors, where school district did not complain; possibility of receiver's being embarrassed in case school district should claim preferential right being purely speculative.

4. Intervening depositors, in proceedings by Attorney General for dissolution of bank, could not require removal of receiver, who was bank's cashier and one of directors, on ground that he failed to comply with Comp. St. 1920, §5211, providing bank operating savings department may invest 90 per cent. of funds of that department in state, government, and municipal bonds or in unincumbered real estate, where it did not appear that interveners had deposited any funds in savings department and no action against receiver was contemplated.

5. In proceedings by depositors of bank for removal of receiver, who was bank's cashier and one of directors, evidence *held* insufficient to show failure of bank to comply with Comp. St. 1920, § 5211, providing that bank operating savings department may invest 90 per cent. of funds deposited therein in government, state, or municipal bonds or in unincumbered real estate.

6. Receiver is under court's control, court having more or less intimate knowledge of matters involved in receivership.

7. Whether or not receiver appointed on bank's dissolution should be removed is matter largely within sound discretion of court, where original appointment was not illegal.

8. On petition of depositors for removal of receiver appointed in proceedings for dissolution of bank, refusal of trial court to remove receiver *held* not abuse of discretion, where receiver, though cashier and director of bank, was not responsible for its failure, and was appointed on recommendation of committee of creditors.

*See Headnotes: (1) 7 CJ p. 734 n. 52. (2) 7 CJ p. 734 n. 52. (3) 7 CJ p. 734 n. 52. (4) 7 CJ p. 734 n. 52. (5) 7 CJ p. 734 n. 52. (6) 34 Cyc. p. 175 n. 83, 84. (7) 7 CJ p. 734 n. 52. (8) 7 CJ p. 734 n. 52.

APPEAL from District Court, Converse County; CYRUS O. BROWN, Judge.

Action by the State of Wyoming, on the relation of David J. Howell, Attorney General, against the Bank of Glenrock, for dissolution and appointment of a receiver. F. M. Dumm was appointed receiver and duly qualified, and Robert Schultz and others, depositors of the bank, intervened, seeking the removal of the receiver. From a judgment dismissing their petition, the interveners appeal.

*John D. Dawson,* for appellants.

Dumm is an interested person within the meaning of Section 6185 C. S.; Robinson v. Dicky, 143 Indiana 214. Bank directors are liable in an action at law; 5150 C. S. Savings accounts must be invested in a designated manner; 5211 C. S. Dumm, the present Receiver, was former cashier of the bank; interested persons may intervene in actions of this class; 5593 C. S.; Magee Banks and Banking, 3d Ed., 624 A; Bank v. Whitehead, (Ind.) 49 N. E. 592; 39 L. R. A. 725. Persons appointed Receivers of insolvent banks should be disinterested parties; Booth v. Clark, 17 How. (U. S.) 330; Baker v. Backus, 32 Ill. 79; Ry. Co. v. Ry. Co., 46 Vt. 792; Shannon v. Hanks, 88 Va. 338. They should not be appointed to represent the peculiar interests of one class; Ry. Co. v. Ry. Co., 58 Fed. 278. Persons, whose interests might influence the administration of the trust, should not be appointed; Meier v. Ry. Co., 5 Dill. (U. S.) 476; Watson v. Bettman, 88 Fed. Rep. 825; Thompson v. Hooaday, 15 Ore. 34. Nor one whose duty or position, already assumed or occupied, may conflict or be inconsistent with his duties as Receiver; Banneson v. Bill, 62 Ill. 411; Kilgore v. Hair, 19 S. C. 488.

*C. Leonard Smith,* for respondent.

The petition for removal of the Receiver is based upon his alleged interests, and not upon account of any act committed since his appointment; the Receiver is not disquali-

fied by reason of his former connection with the bank; 34 Cyc. 143; McGilliard v. Foundry Works, (La.) 104 So. 254. Interveners asquiesced in the appointment, thereby waiving objections; 34 Cyc. 162; Tardy's Smith on Receivers, Vol. 11, 2105; Woods v. Bank, (Colo.) 199 P. 964; State v. Court, (Wash.) 152 P. 1. Interveners are estopped; Reneau v. Lawless, (Kan.) 100 P. 479. Questions of removal are discretionary; Simmons Co. v. Waibel, 11 L. R. A. 267. No abuse of discretion is shown by the testimony in this case; citations of authorities by counsel for interveners, on the principle that Receivers should be disinterested parties, do not seem to be in point for the reason that the rule against interest is subject to various exceptions.

BLUME, Chief Justice.

The Bank of Glenrock, a banking corporation, suspended business on the 14th day of February, 1924. On August 2, 1924, an action was brought in the District Court of Converse County by the State of Wyoming, on the relation of the Attorney General, against said bank, asking that the banking corporation be dissolved and placed in the hands of a receiver. After notice was given to the bank, and upon a hearing on the petition aforesaid, and on August 4, 1924, F. M. Dumm, the cashier of the bank at the time of its suspension, was appointed receiver thereof. He duly qualified as such receiver on the 11th day of August, 1924, giving a bond in the sum of $25,000 for the faithful performance of his duties. On September 30, 1924, the interveners herein filed a joint petition of intervention, alleging that they were depositors in said Bank of Glenrock and asking for the removal of the receiver, upon grounds hereinafter mentioned. F. M. Dumm filed an answer to such petition. The matter was heard on October 30, 1924, and the court held that no grounds existed for such removal and dismissed

the petition of the intervenors. From this order of dismissal the intervenors have appealed to this court.

1.   It is claimed in the first place that the court erred in appointing F. M. Dumm, and, therefore, also accordingly erred in not removing him. It is urged that Dumm was interested in the receivership matter and was, therefore, disqualified to act as receiver by section 6185, W. C. S. 1920, which provides that "no party, attorney or person interested in an action shall be appointed receiver therein except by consent of the parties." No interested person should, accordingly, be appointed receiver unless the parties to the action consent. It may be questioned whether the intervenors, depositors in the bank, were parties to the action in the sense that their consent was necesary to the appointment. In the case of State ex rel. v. Superior Court, 87 Wash. 603, 152 Pac. 1, the court said:

"It is plain that the relators here were not named as parties in the original receivership case. The plaintiff in that case was the State of Washington, upon the relation of the attorney general. The defendant was the Raymond Trust Company, an insolvent banking corporation. While the creditors of the banking corporation are no doubt interested in the result of the receivership proceeding, they are not parties to that action. They are, at most, quasi parties, interested only in the proceeds of the assets of the insolvent corporation."

Let it be conceded, however, for the purposes of this case, that the intervenors were parties in the sense that their consent was necessary. It appears that some of them gave such consent—how many is not shown. It is clear that those who gave it cannot complain of the appointment, and inasmuch as we are unable to tell from the record which of the intervenors may and which of them may not complain, relief on the ground stated must necessarily be denied to all.

2. Three other grounds for the removal of Dumm are discussed in the brief of counsel for appellants. The first ground is based on the fact that, at the time of the filing of the petition of intervention, he was cashier of the First State Bank of Douglas, and that he kept the money which he had collected as receiver, amounting to approximately $12,000, in that bank. If the First State Bank of Douglas is, however, not a proper depositary of this money, the court, upon application and a showing of that fact, will, doubtless, make a proper order safeguarding the funds, and we are unable to see why the receiver should be removed on the ground stated.

Again, it is claimed that the receiver should have been removed because Dumm, prior to his appointment as receiver, was a trustee of School District No. 15, situated in the town of Glenrock, and that, as such trustee, he permitted the funds of the district to be deposited in the Bank of Glenrock, without requiring a bond from the bank. The School District is not here complaining and did not join in the petition of intervention. The theory, apparently, is that the School District might claim a preferential right by reason of its deposits in said bank, and that Dumm, by reason of his former relation to the district, would not be in a position to properly resist the claim. If this could become important, it does not appear that any such claim has actually been made or is likely to be made. The matter is purely speculative, and would not at this time furnish sufficient ground to require the court to remove the receiver.

Finally, it is urged that Dumm should be removed because, while he was cashier of the Bank of Glenrock, he failed to comply with the provisions of section 5211, W. C. S. 1920. That section provides that a bank operating a savings department may invest ninety per cent of the funds deposited in that department in the bonds of this state, of the United States or of any city, county, town or school district in the state, or may loan such funds

upon notes secured by a mortgage or trust deed on unincumbered real estate.  It is argued that Dumm, together with his co-directors in said bank, might be liable because of the failure to comply with the statute.  There is no showing that any such action is contemplated.  Intervenors do not seem to be interested therein; it is not shown that they deposited any funds in the savings department, and the matter appears to be purely speculative.  Nor has it been shown that the requirements of section 5211, supra, were violated.  The only testimony relating to the matter was given by Dumm, and the material portion thereof is as follows:

"Q.  Did you ever have ninety per cent of that money invested in bonds of this state?  A. No sir.  Q.  Or bonds of the United States?  A.  No sir.  Q.  Or in bonds of any city, town or school district?  A.  No sir.  Q.  Did you confine the loan of that money to notes secured by first mortgages or trust deeds on real or personal property twice the value?  A.  No sir."

While this testimony shows that the bank did not invest ninety per cent of the savings deposits in bonds of the state, or the United States or a city, town or school district, it might have had eigthy per cent or ten per cent or any other per cent thereof so invested.  And while it was shown that the loans were not *confined* to first mortgages or trust deeds on real or personal property, some of the money may have been loaned, while the remainder was invested in the permitted class of bonds.  We are unable to tell what the facts are.

It appears that Dumm was not responsible for the failure of the bank, and did not contribute thereto.  He was appointed receiver because he was deemed most competent to wind up the affairs of the bank, because he was willing to serve for a comparatively small compensation and because his appointment had been recommended by a committee of the creditors as well as a number of the de-

positors and interested parties individually. His appointment was deemed to be the most advisable under the circumstances. The receiver is under the control of the court, and it has more or less intimate knowledge of the matters involved in the receivership. Whether or not the receiver should be removed is ordinarily, at least where the original appointment was not illegal, largely in the sound discretion of the court. 34 C. J. 175. We do not think that a sufficient showing has been made herein to indicate that this discretion was abused.

The judgment of the District Court should accordingly be affirmed, and it is so ordered.

*Affirmed.*

POTTER, J., and KIMBALL, J., concur.