[No. 2952–3. Division Three. December 11, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS GLENN NORMAN, *Appellant.*

*John K. Johnsen* and *McNally & Stewart,* for appellant.

*Greg M. Devlin, Prosecuting Attorney,* for respondent.

GREEN, C.J.—Defendant appeals his jury conviction on a charge of second–degree malicious mischief. We reach only one issue: Did the trial judge err in refusing to honor an affidavit of prejudice?

RCW 4.12.050 provides, in part, that:

> in counties where there is but one resident judge, such motion and affidavit [of prejudice] *shall* be filed not later than the day on which the case is called to be set for trial
> . . .

(Italics ours.) This action was filed in a 1–judge county. The defendant's trial was called for setting the same day that he was arraigned and counsel was appointed to represent him. Three weeks later, counsel for the defendant moved the court for leave to file an untimely affidavit of prejudice. Two weeks remained before the defendant's case was scheduled for trial. The trial court denied the defendant's motion, relying on the mandatory language of the statute.

The defendant argues that the quoted portion of RCW 4.12.050 should not bar his affidavit of prejudice in this particular case. He calls our attention to the fact that his attorney was appointed at the same time that his trial date was designated, and urges that it is unfair to deprive him of his right to file an affidavit of prejudice simply because the court set his trial date before he had an opportunity to confer with counsel. Defendant further points out that his arraignment was before a court commissioner and he assumed the commissioner would also preside over his trial. It was not until later that he learned his trial would be heard by the same superior court judge that he appeared before several years ago, a judge he believed was prejudiced

against him. In the defendant's view, his mistake was reasonable. Since he acted promptly to correct that mistake, he asserts that the court should have allowed him to file his affidavit. We agree.

The purpose of the requirement that a defendant file his affidavit of prejudice in a 1-judge county not later than the day his case is called for setting is to assure the court sufficient time to arrange for a visiting judge to preside over a defendant's trial. To extend the filing time could cause problems under the speedy trial rule. CrR 3.3. Specifically, the court might have difficulty securing a visiting judge within the time period of that rule if a defendant had the right to file an affidavit of prejudice after his case was called for setting.

█ Nevertheless, a careful reading of RCW 4.12.050 suggests the legislature did not foresee that a defendant's arraignment and trial setting in a criminal case might occur simultaneously. The statute states that the defendant shall file an affidavit of prejudice "before [the judge] has made any ruling whatsoever in the case . . ." But the statute further provides that the "arraignment of the accused . . . shall not be construed as a ruling . . . within the meaning of this proviso . . ." Hence, we conclude that the legislature believed that some time would elapse between the arraignment and the trial setting. Because the court often appoints counsel at the time of arraignment, we believe that the time period contemplated by the legislature in such a situation is a period sufficient to allow an initial consultation between the accused and his attorney. *State ex rel. Jones v. Gay*, 65 Wash. 629, 118 P. 830 (1911).[1] *See* CrR 3.1(b)(1);[2] CrR 4.1(b).[3]

---

[1]Although *State ex rel. Jones v. Gay, supra,* was decided before the legislature required a defendant to file an affidavit of prejudice in a 1-judge county at or before the time of setting, it recognizes the inherent unfairness in binding the defendant to a judge prior to the time he is represented by counsel. *Jones* allowed the filing of an affidavit of prejudice by counsel at the time of their first appearance, where the defendant was not represented at the time of the arraignment and trial setting.

Here, the defendant did not have an opportunity to consult with his attorney before his case was called for setting. When he realized which judge would sit at his trial, he promptly directed his attorney to file an affidavit of prejudice. This affidavit was filed in ample time to allow the court to arrange for a visiting judge. *State v. Funk,* 170 Wash. 560, 17 P.2d 11 (1932) and *Black v. Yoder,* 171 Wash. 341, 17 P.2d 850 (1933), relied upon by the State, are distinguishable. There, the affidavits were filed the day of trial and the day before trial, respectively. Here, the affidavit was filed 2 weeks before trial. Consequently, the trial court erred in refusing to recognize the affidavit of prejudice, and the case is reversed for a new trial.

Reversed.[4]

McINTURFF and ROE, JJ., concur.

---

[2]CrR 3.1(b)(1) reads:

"The right to counsel shall accrue as soon as feasible after the defendant is taken into custody, when he appears before a committing magistrate, or when he is formally charged, whichever occurs earliest."

[3]CrR 4.1(b) provides:

"If the defendant appears without counsel, the court . . . shall inquire if he has counsel. If he is not represented and is unable to obtain counsel, counsel shall be assigned to him by the court, unless otherwise provided."

[4]Portions of this opinion are not published because they are not precedential. RCW 2.06.040 as amended by the Laws of 1971, ch. 41, § 1, p. 63.