[No. 21396-0-III.  Division Three.  March 16, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. TONY TECTOR CALLIHAN, *Appellant*.

---

[28] *Id.*

[29] *See First State Ins. Co. v. Kemper Nat'l Ins. Co.*, 94 Wn. App. 602, 611, 971 P.2d 953 (1999).

*David N. Gasch* (of *Gasch Law Office*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Frank A. Grigaliunas, Deputies*, for respondent.

BROWN, C.J. — If two crimes constitute the same criminal conduct under former RCW 9.94A.400(1)(a) (2000) (*recodified as* RCW 9.94A.589(1)(a)), do the sentence enhancements for each run concurrently? Here, Tony Callihan contends the superior court erred when it ordered him to serve the sentence enhancements on his two assault convictions consecutively, even though they involved the same criminal conduct. We affirm.

## FACTS

On December 25, 2001, Tony Callihan was involved in a fight with another man at a party. He fired a gun during an argument with the victim, then left the residence. The victim followed him outside. In a second confrontation, Mr. Callihan forced the gun into the victim's mouth, then he hit him over the head with the weapon.

A jury convicted Mr. Callihan of two counts of second degree assault. The jury found he used a firearm in both assaults.

The sentencing court found at the sentencing hearing that the two assaults constituted the same criminal conduct, *see* RCW 9.94A.400(1)(a), although that finding is not reflected in the judgment. This omission may be due to the fact Mr. Callihan's offender score was already over the statutory maximum of nine points, without counting the other current assault conviction in the offender score. The court sentenced Mr. Callihan to concurrent, below standard range sentences of 48 months for the two assault convictions. Each of the assault convictions carried mandatory 36-month firearm enhancements. The superior court ordered Mr. Callihan to serve the firearm enhancements consecutively.

Mr. Callihan appealed.

## ANALYSIS

The issue is whether the trial court erred in running the firearm enhancements consecutively after deciding the underlying assaults involved the same criminal conduct under RCW 9.94A.400.

At the time Mr. Callihan committed these assaults, former RCW 9.94A.310(3)(e) (2001) partly provided: "Notwithstanding any other provision of law, any and all firearm enhancements under this section are mandatory, shall be served in total confinement, and *shall run consecutively to all* other sentencing provisions, *including other firearm or deadly weapon enhancements, for all offenses committed under this chapter.*" (Emphasis added.) The current sentencing law contains the same provision at RCW 9.94A-.510(3)(e). Effective July 1, 2004, that provision will be recodified as RCW 9.94A.533(3)(e).

The above italicized language was added to former RCW 9.94A.310(3)(e) in 1998. *See* LAWS OF 1998, ch. 235, § 1. It appears the legislature amended the statute to add the

italicized language after some superior courts of the State interpreted the prior version of the statute as providing for *concurrent* confinement time in cases of multiple enhancements for different crimes.

The prior version of the statute read, as follows: "Notwithstanding any other provision of law, any and all firearm enhancements under this section are mandatory, shall be served in total confinement, and shall not run concurrently with any other sentencing provisions." Former RCW 9.94A.310(3)(e). The Washington Supreme Court held this language was "ambiguous with regard to whether enhancements are to always run consecutively to each other or whether RCW 9.94A.400 is to be used to determine whether they are consecutive or concurrent." *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 250, 955 P.2d 798 (1998). The court concluded that "multiple weapon enhancements do not necessarily run consecutively to each other. . . . [W]hen two or more offenses each carry firearm enhancements, the determination of whether multiple current sentences are to run concurrently or consecutively is determined by resort to the rules in RCW 9.94A.400." *Id.* at 254.

Unlike the former statute interpreted in *Charles*, the meaning of the amended statute is clear—it provides that firearm enhancements "*shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements.*" Former RCW 9.94A.310(3)(e) (2001) (emphasis added). " 'If the statute's meaning is plain on its face, we must give effect to that plain meaning as an expression of the legislative intent.' " *State v. Tarabochia*, 150 Wn.2d 59, 63, 74 P.3d 642 (2003) (quoting *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003)). "An unambiguous statute should not be subjected to judicial construction." *Tarabochia*, 150 Wn.2d at 63.

The superior court correctly sentenced Mr. Callihan to consecutive firearm enhancements of 36 months each.

Affirmed.

KURTZ and KATO, JJ., concur.