138 P.3d 159 (2006)
133 Wash.App. 810
STATE of Washington, Respondent,
v.
Matthew Martin LEON, Appellant.
No. 55600-2-I.
Court of Appeals of Washington, Division 1.
July 3, 2006.
*160 Sharon Jean Blackford, Attorney at Law, Seattle, WA, for Appellant.
Seth Aaron Fine, Attorney at Law, Snohomish County Prosecutor's Office, Everett, WA, for Respondent.
GROSSE, J.
¶ 1 Frequency of appearance by an attorney before a judge is not in and of itself sufficient to create an appearance of partiality such that the judge would be required to recuse himself from a matter in which that attorney's testimony is at issue. However, to the extent that the issue is raised, the trial court has a duty to examine the issue and determine whether partiality exists.
¶ 2 Matthew Leon pleaded guilty to premeditated first degree murder. He appeals from an order denying his motion to withdraw his guilty plea on the grounds of ineffective assistance of counsel. His only contention on appeal is that the judge's failure to disqualify himself violated the appearance of fairness doctrine.
¶ 3 Prior to the hearing on Leon's motion to withdraw his plea, the prosecution noted that one of its witnesses was attorney Max Harrison who regularly appeared before the court. The defense requested that the judge recuse on the grounds that an appearance of partiality existed where a judge would have to assess the testimony of someone who regularly practiced before the court. Judge Gerald Knight noted that he was familiar with attorney Harrison as was every other judge in Snohomish County who sat on criminal cases. Judge Knight further stated that that he did not have any other relationship with Harrison and concluded that he could be impartial in assessing the credibility of attorney Harrison's testimony.
¶ 4 Decisions on recusal are reviewed for an abuse of discretion.[1] Due process, appearance of fairness and Canon 3(D)(1) of the Code of Judicial Conduct require a judge to recuse himself where there is bias against a party or where impartiality can be questioned. The test for whether a judge should disqualify himself where his impartiality might reasonably be questioned is an objective one.[2]
¶ 5 An abuse of discretion will only be found when the court's "decision is manifestly unreasonable or is exercised on untenable grounds or for untenable reasons."[3] To hold in the appellant's favor would result in almost every claim of ineffective assistance of counsel being heard by visiting judges. Here, Judge Knight indicated that he had no special relationship with Harrison and that he could independently judge the matter at hand without any bias. A judge is presumed to perform his functions regularly and properly, *161 without bias or prejudice.[4]
¶ 6 Affirmed.
WE CONCUR: SCHINDLER, A.C.J., and ELLINGTON, J.
NOTES
[1] In re Marriage of Farr, 87 Wash.App. 177, 188, 940 P.2d 679 (1997).
[2] Sherman v. State, 128 Wash.2d 164, 206, 905 P.2d 355 (1995).
[3] Wolfkill Feed & Fertilizer Corp. v. Martin, 103 Wash.App. 836, 840, 14 P.3d 877 (2000).
[4] Jones v. Halvorson-Berg, 69 Wash.App. 117, 127, 847 P.2d 945, review denied, 122 Wash.2d 1019, 863 P.2d 1353 (1993).