FILED
COURT OF APPEALS
DIVISION II

2013 DEC -3 AM 9: 23

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

JEFFREY SCOTT ZIEGLER,

Appellant.

No. 43591-8-II

UNPUBLISHED OPINION

MAXA, J. – Jeffrey Scott Ziegler appeals an order dismissing several motions he filed over three years after his convictions became final. He also claims that the trial court violated his due process rights by transferring earlier post conviction motions to this court for consideration as personal restraint petitions pursuant to CrR 7.8(c)(2). In a statement of additional grounds for review (SAG), Ziegler raises several other grounds for relief. In addition, the State asks that this court reverse the order of dismissal and remand with directions to transfer the motions to this court for consideration as personal restraint petitions. Finding no error, we affirm.

## FACTS

After two appeals and three sentencing hearings, Ziegler's 2005 criminal convictions for one count of first degree child rape and three counts of first degree child molestation became

final on March 27, 2009.[1] On November 10, 2010, Ziegler filed a motion to dismiss under CrR 3.3(h) and CrR 8.3(b), alleging violation of time for trial rules and other irregularities. On March 7, 2012, the trial court determined that CrR 7.8(c)(2) governed the motion, ruled that the motion was time barred (pursuant to RCW 10.73.090), and transferred the motion to this court for consideration as a personal restraint petition. Ziegler filed a motion objecting to the transfer and, on March 27, the trial court transferred that motion to this court as well. This court determined that the trial court properly transferred both motions under CrR 7.8(c)(2), and in a consolidated order dismissed both petitions as untimely and successive.

On May 2, 2012, Zeigler filed six additional motions in the Clark County Superior Court: (1) a CrR 7.4 motion for arrest of judgment, (2) a CrR 7.5 motion for a new trial, (3) a CrR 3.1 motion for appointment of counsel, (4) an RCW 4.12.050 and CR 40(f) affidavit of prejudice, (5) a motion and affidavit for preassignment of judge, and (6) a motion to vacate the transfer of his CrR 7.8 motions to the Court of Appeals. On May 31, the trial court denied all six motions. Ziegler appeals, assigning error both to the CrR 7.8(c)(2) transfers and the denial of his 2012 motions.

## ANALYSIS

A.    CrR 7.8(c) Transfer of Motions

Ziegler argues that the trial court erred in transferring his 2010 motion to dismiss and 2012 motion objecting to that transfer to this court under CrR 7.8(c)(2) without notice and an

---

[1] The facts involved in these convictions are set out in the first appeal. *See State v. Ziegler*, 138 Wn. App. 804, 806, 810-11,158 P.3d 647 (2007) (reversing two counts of first degree child rape); *State v. Zeigler*, noted at 146 Wn. App. 1007, 2008 WL 2811315, at *2 (striking community custody condition).

opportunity to be heard. But this court already has determined that the transfers were proper under CrR 7.8(c)(2). Accordingly, we need not revisit this issue.

We do note, however, that CrR 7.8(c)(2) *requires* the trial court to transfer untimely motions to this court. *See State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008) (superior court lacked authority to dismiss untimely post trial motion). Under this procedure, a petitioner's opportunity to be heard is not terminated. It simply is transferred to this court.

B.    DENIAL OF 2012 MOTIONS

Ziegler assigns error to the trial court's dismissal of his six motions filed in May 2012. Because he makes no arguments in his opening brief to support this assignment of error, he waived it. RAP 10.3(a)(6); *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). Nonetheless, we will consider this issue because Ziegler does challenge the dismissal of these orders in his SAG. We find no error.

1.    SAG

In his SAG, Ziegler claims that (1) the trial judge was biased and should have recused herself, (2) the prosecutor engaged in discovery mismanagement resulting in an unfair trial, (3) police officers violated his right to privacy by listening in on a conversation between him and his wife, (4) he was denied his right to a speedy trial, (5) his offender score was miscalculated, and (6) equitable tolling should apply because he was confined out-of-state. The first and sixth claims have no merit, and we do not consider the other claims. None of Ziegler's SAG arguments demonstrate trial court error in dismissing his motions.

Ziegler's first SAG argument is that the trial court impliedly was biased because of the way she conducted his trial, considering evidence in an ex parte hearing in which the prosecutor and defense attorneys were present but he was not. More than three years after his convictions

3

were final, Ziegler filed an affidavit of prejudice and asked the trial court to recuse itself from hearing his post trial motions. The trial court denied this request as untimely. We agree. Pursuant to RCW 4.12.050(1), an affidavit of prejudice must be filed "before the judge presiding has made any order or ruling involving discretion" and "not later than the day on which the case is called to be set for trial." Clearly, Ziegler's motion and affidavit were untimely. The trial court had presided over his trial and resentencing hearings before he filed his motion. RCW 4.12.050(1); *see State v. Tarabochia*, 150 Wn.2d 59, 68, 74 P.3d 642, 646 (2003) (strict compliance with statute required).

Even if the request for recusal was timely, the request had no merit. We review a judge's decision not to recuse for an abuse of discretion. *State v. Leon*, 133 Wn. App. 810, 812, 138 P.3d 159 (2006). A party claiming prejudice must support his claims with evidence of the trial court's actual or potential bias. *State v. Gamble*, 168 Wn.2d 161, 187-88, 225 P.3d 973 (2010). "Judicial rulings alone almost never constitute a valid showing of bias." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004) (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). Here, the record contains only allegations of actual or potential bias, but no actual evidence. We conclude that Ziegler has failed in his burden. The trial court's reasoning is sound and it did not abuse its discretion.

Ziegler's sixth SAG argument involves equitable tolling. Ziegler argued in his original personal restraint petition that the time for raising posttrial motions should be tolled. This court rejected this argument, finding that equitable tolling was inappropriate. However, Ziegler now argues that because the Department of Corrections confined him out-of-state, the time for raising his claims tolled. He relies on RCW 4.16.180. But this statute does not apply here. Instead, the statute is concerned with defendants concealing themselves in order to avoid civil lawsuits and

tolls the period of concealment. *See Rodriguez v. James-Jackson*, 127 Wn. App. 139, 147, 111 P.3d 271 (2005) (statute of limitations for service of process tolled until defendant returned from concealment). Ziegler's equitable tolling argument has no merit.

We do not reach arguments (2) through (5) because Ziegler appeals from an order dismissing his claims as untimely and not dismissing based on his substantive arguments. Further, he raised issues (2) and (3) in his first personal restraint petition and this court dismissed them as untimely.

2.    State Request for Reversal

The State asks this court to reverse the trial court's denial of the May 2012 motions and remand for further proceedings. The State argues that the trial court erred in entering an order of dismissal when it should have transferred the motions to this court under CrR 7.8(c)(2) for consideration as personal restraint petitions.

But the State did not file a cross appeal. Under RAP 2.4(a), we will grant affirmative relief to a respondent in the absence of a cross appeal only if "demanded by the necessities of the case." This standard is not met here. In any event, the trial court did not rule on Ziegler's motions under CrR 7.8(c)(2). Rather it ruled that the motions were untimely under CrR 7.4 and CrR 7.5. While treating certain post trial motions as CrR 7.8 motions might be an appropriate and efficient practice, the State cites no authority *requiring* the trial court to do so.

No. 43591-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
PENOYAR, P.J.

_____
VERELLEN, J.

6