IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>       v.<br><br>CONNOR WILLIAM DANIELS,<br><br>             Appellant. | No. 84776-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Connor Daniels pleaded guilty to several sex offenses. At sentencing, the trial court denied his request for a special sex offender sentencing alternative (SSOSA). He alleged ineffective assistance of counsel because his attorney failed to move for recusal of the sentencing judge after the judge disclosed that she had represented the victim's mother more than six years earlier on a civil matter. He also raises errors in his sentence, which the State concedes.

Because Daniels does not establish either deficient performance or prejudice, we deny the claim of ineffective assistance of counsel and affirm his convictions and sentence. However, we remand to the sentencing court to amend his judgment and sentence to reduce his term of community custody and strike the Victim Penalty Assessment.

FACTS

Daniels pleaded guilty to three counts of rape of a child in the third degree and one count of indecent liberties. He agreed to an offender score of 13, resulting in a standard sentencing range of 87 to 116 months of incarceration. At the time of the plea, the State reserved its sentencing recommendations pending the outcome of a presentence investigation report and additional information from Daniels. The State specified that if it agreed to a SSOSA, the recommendation would be 12 months in full custody, and if it opposed a SSOSA, the recommendation would be a standard range of 87 to 116 months in custody.

During the plea hearing, the judge told the parties that when preparing for the proceedings, she became aware that she had previously represented the victim's mother. She disclosed that while in private practice, more than six years before, she had represented the mother in a civil matter. The judge elaborated, "It was a limited form of representation. Obviously it wasn't regarding any of these allegations which happened later, and I certainly have no concern about my ability to be fair and impartial." When asked, both parties stated they had no concerns about the information disclosed.

At sentencing, the State asked the court to impose the low end of the standard range sentence, 87 months, rather than a SSOSA. The State's first reason for this recommendation was that the victim did not support the alternative sentence, and "under the SSOSA statute, . . . the Court should give

2

great weight to that."[1] Additionally, the State did not believe a SSOSA would serve a purpose because the treatment provider assessed Daniels as low risk to reoffend and recommended only 12 to 18 months of treatment: "if he's not a risk to the community and needs very little treatment, I see no reason for a SSOSA." The State argued, "[W]hen I look at this evaluation and the DOC recommendation, I see a very low-risk offender who is only engaging in this because of his high offender score." The State explained that Daniels had a high offender score due to four prior convictions for second degree burglary. In formulating a sentencing recommendation, the State considered that Daniels "obtained a very favorable recommendation on that first case, and he reaped the benefits of a very low sentence on that. He served four months in custody and then did four months on community service." The State noted that Daniels committed the offenses at issue while undergoing adjudication on the burglaries. According to the State, this history "shows he doesn't take the court system or the law seriously."

After the State made its recommendation, the victim and several friends and family members made statements about the impact of Daniels' actions. The victim gave her opinion on the possibility of a SSOSA: "Connor Daniels is seeking a shortened confinement by participating in Washington State's Special

---

[1] The court must "consider the victim's opinion whether the offender should receive a treatment disposition under this section. The court shall give great weight to the victim's opinion whether the offender should receive a treatment disposition under this section." RCW 9.94A.670(4). In fact, if a SSOSA is imposed contrary to the victim's opinion, the court must enter written findings stating its reasons for imposing the treatment alternative. RCW 9.94A.670(4).

Sex Offender Sentencing Alternative Program. I would like the Court to deny his request because the sentence would not be commensurate with the magnitude of his crimes." The victim's mother explained that she "unknowingly led the monster to my daughter" and failed to protect her. She told the court that Daniels's actions had created a distance in the family that they were looking to the court to rectify. She concluded with an anecdote,

> [Daniels] once told me that he doesn't feel things the same way that other people do. Though I was taken aback at the time, I thought that he meant only that he was out of touch with his own feelings. Now, however, I understand that he meant it exactly as he said it: that he does not feel things.

The defense followed these statements with a request for a SSOSA with 12 months in custody and 75 months of community supervision. Daniels noted the 18 community support letters submitted on his behalf and explained that "contrast" from the community members "doesn't change that he committed the offenses. It doesn't change the harm that he caused. But it changes whether the person before you today is appropriate for a . . . special sex offender sentencing alternative compared to the person who, three years ago, committed the offense." Daniels also had friends and family speak on his behalf.

The court acknowledged that Daniels qualified for a SSOSA. The court weighed various factors in determining the sentence, including the consistency in sentencing, protecting the public, community benefit from the alternative sentence, Daniels's youth, and his risk to reoffend. Additionally, as required by statute, the court considered the victim's strong opposition to the SSOSA. The

4

court found that 12 months was too lenient "in light of the extensive circumstances of the offense." The court admitted, "This is a very difficult calculation in my mind because the Court's options are rather extreme in terms of 12 months versus 87 to 106 months," but "[a]fter great consideration and frankly with a heavy mind," the court declined the SSOSA. The court imposed 87 months of incarceration, the low end of the standard range, and 36 months of community custody.

Daniels appeals.

## DISCUSSION

### I.    Ineffective Assistance of Counsel

Daniels alleges ineffective assistance of counsel because his counsel failed to move for recusal after the sentencing judge disclosed her prior representation of the victim's mother. According to Daniels, "given the court's own admission that the decision to deny the SSOSA was a difficult one, an impartial observer would conclude that the judge's implicit bias played a dominant role in her decision." We disagree.

"Courts engage in a strong presumption counsel's representation was effective." State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) deficient performance and (2) prejudice. State v. Hendrickson, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996). Prejudice requires that "there is a reasonable probability that except for counsel's unprofessional errors, the result of the

proceeding would have been different." McFarland, 127 Wn.2d at 334-35. When ineffective assistance of counsel is premised on failure to make a motion, defendant must show that the motion likely would have been granted. In re Pers. Restraint of Davis, 152 Wn.2d 647, 711, 101 P.3d 1 (2004). We need not consider both deficiency and prejudice if a petitioner fails to prove one. In re Pers. Restraint of Crace, 174 Wn.2d 835, 847, 280 P.3d 1102 (2012).

Defendants have a constitutional right to be tried and sentenced by an impartial court. State v. Solis-Diaz, 187 Wn.2d 535, 539, 387 P.3d 703 (2017); U.S. Const. amends. VI, XIV; Wash. Const. art. I, § 22. Under the appearance of fairness doctrine, a judicial proceeding is valid if a reasonably prudent, disinterested observer would conclude that the parties received a fair, impartial, and neutral hearing. Solis-Diaz, 187 Wn.2d at 540. "The law requires more than an impartial judge; it requires that the judge also appear impartial." Id. Judges should disqualify themselves when their impartiality might be reasonably questioned. State v. Chamberlin,161 Wn.2d 30, 41, 162 P.3d 389 (2007); see also CJC 2.11(A). A judge must disqualify if they have "a personal bias or prejudice concerning a party or a party's lawyer." CJC 2.11(A)(1).

"A judge is presumed to perform [their] functions regularly and properly, without bias or prejudice." State v. Leon, 133 Wn. App. 810, 813, 138 P.3d 159 (2006). A party asserting violation of the appearance of fairness must show a judge's actual or potential bias. Solis-Diaz, 187 Wn.2d at 540. Whether a judge's

impartiality might be questioned is an objective test and assumes a reasonable observer knows and understands all the relevant facts. Id.

While Daniels asserts "it is clear that the victim's mother is requesting that the judge, *her former attorney*, help heal her family by denying Daniels' request," he has not provided any reason to suggest the judge could not act with the required impartiality. The judge disclosed that prior representation of the victim's mother occurred more than six years before and was "a limited form of representation" on a civil matter. The judge explicitly stated that she had "no concern" about her ability to be fair and impartial. Given the remoteness in time and the limited representation on a different subject matter, the judge's disclosure does not raise issues as to the appearance of fairness. See State v. Gamble, 168 Wn.2d 161, 188-89, 225 P.3d 973 (2010) (no appearance of fairness concern where the trial judge for new charges, brought by the State against a defendant after original convictions were vacated, had represented defendant's ex-wife in her dissolution action fourteen years prior, while the original murder charges were pending). Given the lack of evidence of bias or the judge's inability to act impartially, Daniels's counsel was not deficient for failing to move for recusal.

Moreover, Daniels has not shown any evidence of bias during sentencing. Any concerns that the victim's mother's emotional request might influence the sentence were specifically addressed by the trial court. The court stated, "for as much emotion as I very much understand there is in this room and for everyone

7

involved, the Court and I am required to take that emotion out of it." And further, "I don't -- and I can't -- consider emotion or any sort of desire to send a message. That's certainly not appropriate for me to consider." The court then went on to provide extensive detail regarding the general factors courts consider in sentencing, as well as the specific factors for a SSOSA.[2] The court then explained these factors as they related to Daniels. In considering Daniels's risk to reoffend, the court noted his use of "cognitive distortions to reduce [his] personal culpability," and blaming the victim. The court also considered Daniels's age and impulsivity but concluded, "this wasn't just one event that involved impulsivity. This was many events over a period of time, and I think that's a distinguishing factor in my mind when we think about impulsivity in young adults." Finally, the court gave great weight to the victim's opposition to the sentencing alternative. Weighing all these factors, the court concluded that "upon considering all the circumstances here, I do find that 12 months is too lenient in light of the extensive circumstances of the offense." The court then exercised its discretion to impose the low end of the standard range sentence.

Daniels has not demonstrated that a different judge would have granted his request for a SSOSA, given that the victim's opposition and Daniels's high offender score and short SSOSA recommendation would have remained

---

[2] In sentencing, the court considers "promoting respect for the law, providing punishment that is just, ensuring that punishment for a criminal offense is proportionate to the seriousness of the offense and . . . criminal history." The court also tries to ensure consistency in sentences for similar offenses, as well as protection of the public, opportunities for individual improvement, and reduction of the risk of reoffending.

substantial factors consideration. As a result, Daniels cannot establish prejudice from his counsel's failure to move for the judge's recusal as required for a successful ineffective assistance of counsel claim.

II.     Errors in the Judgment and Sentence

Daniels alleges two errors in his judgment and sentence require remand. The State concedes both errors. We accept the concessions.

First, the imposition of 36 months of community custody extends Daniels's sentence beyond the statutory maximum. Indecent liberties is a class B felony with a statutory maximum of 120 months of confinement. RCW 9A. 44.100(2)(a); RCW 9A.20.021(1)(b). The trial court imposed 87 months of incarceration and 36 months of community custody, amounting to 123 months and exceeding the statutory maximum for Daniels's crime. "[W]henever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime" the court must reduce the term of community custody. RCW 9.94A.701(10). Because trial court did not reduce the community custody term at sentencing, the case must be remanded to amend the judgment and sentence to remove the excess three months of community custody.

The second conceded error is the imposition of the $500 Victim Penalty Assessment (VPA). While this case was pending on appeal, the legislature enacted RCW 7.68.035(4) which prohibits the court form imposing the VPA "if the court finds that the defendant, at the time of sentencing, is indigent." Here, the

court found Daniels indigent, and the State agrees that RCW 7.68.035(4) applies. On remand, the trial court must strike the VPA from the judgment and sentence.

We affirm the conviction but remand to amend the judgment and sentence in a manner consistent with this opinion.

_Chung, J._

WE CONCUR:

_Bowman, J._                    _Mann, J._