IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85943-9-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SPITZER, JAMES ROBERT, | |
| Appellant. | |

BOWMAN, J. — In 2021, a jury convicted James Robert Spitzer of first degree rape and first degree kidnapping. The trial court sentenced him to a high-end standard-range indeterminate sentence. Spitzer appealed, and we affirmed the conviction but remanded for resentencing with a corrected offender score. Spitzer now appeals his new sentence, arguing that the judge abused her discretion by refusing to recuse herself and that the court failed to conduct a de novo resentencing. Because the court did not abuse its discretion by denying Spitzer's motion for recusal or by again imposing a high-end indeterminate sentence, we affirm.

FACTS

We recounted the facts underlying Spitzer's conviction and sentence in an unpublished opinion on his first appeal. *See State v. Spitzer*, No. 83546-7-I (Wash. Ct. App. July 10, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/835467.pdf. We repeat only the facts relevant to this appeal.

In June 2021, Spitzer attacked A.U. in the middle of the street just after 6:00 a.m. as she walked to work. He threatened to kill her, then led her to a wooden area and violently raped her for about three hours. In December 2021, a jury convicted Spitzer of first degree rape and first degree kidnapping.

At sentencing, the trial court determined that the rape and kidnapping charges merged and dismissed the kidnapping charge. It then calculated Spitzer's offender score as 7.[1] In calculating the offender score, it included a prior Nevada burglary conviction. The court then sentenced Spitzer to a high-end standard-range indeterminate sentence of 236 months to life in confinement.

Spitzer appealed. We affirmed the conviction but determined that Spitzer's Nevada burglary conviction was not comparable to burglary in Washington. *Spitzer*, No. 83546-7-I, slip op. at 16-18. We remanded for resentencing with a corrected offender score. *Id.* at 19.

The trial court resentenced Spitzer in October 2023. Before the resentencing, Spitzer's attorney moved for the judge to recuse herself:

> Mr. Spitzer has asked me to ask Your Honor if Your Honor thinks it's in the interest of justice for Your Honor to recuse yourself, given Your Honor gave Mr. Spitzer what he believes is an illegal sentence.

The judge refused. She told Spitzer that since it

> was not brought to my attention at the time of the sentencing, I, frankly, was not aware of the illegality of the sentencing until the Court of Appeals spoke of that. So, I don't believe that there is any basis for me to recuse on that ground.

The court then recalculated Spitzer's offender score as 6 with a new

---

[1] Based on an offender score of 7, the standard range was 178 to 236 months.

standard range of 162 to 216 months. The State recommended the court impose a high-end indeterminate sentence of 216 months "based on the previous reasons [it] filed and spoke of following the trial." Spitzer asked the court to impose a low-end indeterminate sentence of 162 months. He told the court, "I had filed a sentencing memorandum previously articulating my reason for why I think the Court should give the bottom of the range sentence. I will renew that argument today."

The court then resentenced Spitzer to a high-end indeterminate sentence of 216 months to life. The court explained that

> based upon the reasons that I previously gave, I believe the high end of this sentence is appropriate, given the nature of the offense and the facts that I heard at the trial. So, I am imposing the high end again, consistent with the earlier ruling, of 216 months.

Spitzer appeals.

## ANALYSIS

Spitzer argues that the judge abused her discretion by failing to recuse herself at the resentencing hearing. He also argues that the trial court erred by failing to conduct a de novo resentencing.

1. Recusal

Spitzer argues that the resentencing judge should have recused herself under the appearance of fairness doctrine.[2] We disagree.

---

[2] Spitzer also argues that the trial court's ruling amounts to manifest constitutional error under RAP 2.5(a)(3). The State asserts that the appearance of fairness doctrine is a nonconstitutional claim arising from Washington's Code of Judicial Conduct. In any event, Spitzer's scant mention of manifest constitutional error in his reply brief does not warrant review under that rule. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). We need not consider arguments unsupported by meaningful analysis or authority. *Id.*

"Recusal lies within the discretion of the trial judge, and his or her decision will not be disturbed without a clear showing of an abuse of discretion." *State v. Perala*, 132 Wn. App. 98, 111, 130 P.3d 852 (2006). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Id.*

The appearance of fairness doctrine requires judges to recuse themselves when they have bias against a party or when their impartiality can be questioned. *State v. Leon*, 133 Wn. App. 810, 812, 138 P.3d 159 (2006). A proceeding satisfies the appearance of fairness doctrine "only if a reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing." *Tatham v. Rogers*, 170 Wn. App. 76, 96, 283 P.3d 583 (2012). This is an objective test to determine " 'whether the judge's impartiality might reasonably be questioned.' " *Id.* (quoting *Sherman v. State*, 128 Wn.2d 164, 206, 905 P.2d 355 (1995)). Because we presume the trial court performs its functions without bias, a party asserting a violation of the appearance of fairness doctrine must show sufficient evidence of a judge's bias; mere speculation is not enough. *Id.*

Here, Spitzer asked the trial judge to recuse herself because she issued an "illegal sentence" at the first sentencing. Spitzer did not say how issuing an incorrect sentence would cause a reasonably prudent and disinterested person to conclude that the judge would not be fair, impartial, and neutral at a subsequent sentencing. Even so, the judge explained that she had no opportunity to address the out-of-state conviction that rendered Spitzer's offender

score unlawful at the first sentencing because the parties did not bring it to her attention. So, there was no reason to believe that she could not be fair and impartial at the resentencing. This conclusion does not amount to an abuse of discretion.

For the first time on appeal, Spitzer also argues the trial judge should have recused herself based on statements she made at the first sentencing hearing. At that hearing, the judge described Spitzer's crime as "everyone's worst nightmare, to be abducted by a stranger on the street."[3] But Spitzer did not ask the judge to recuse herself on that basis. And we necessarily "assess the reasonableness of an exercise of discretion based on the totality of then-existing facts." *State v. Smith*, 3 Wn.3d 718, 722 n.1, 555 P.3d 850 (2024).

Spitzer argues he preserved the issue for appeal by moving for recusal before the judge began the resentencing hearing. And that even if he did not preserve the issue, "this Court often considers new arguments on appeal that stem from issues that were discussed in the trial court." But the cases Spitzer cites in support of his argument are inapt. For example, *State v. Kindell* involved the legal accuracy of a jury instruction—an issue that we review de novo. 181

---

[3] This comment was similar to the prosecutor's comments in closing argument, which Spitzer argued amounted to prosecutorial misconduct in his first appeal. The prosecutor told the jury that what happened to A.U. was

> "the personification of every person's worst nightmare: That you will pass somebody on the street and they will decide to hurt you, not because of who you are, not because of what you believe or what you've said or what you've done, but simply because you're there."

*Spitzer*, No. 83546-7-I, slip op. at 4. The prosecutor added that " 'the very personification of [that] nightmare . . . came true. That nightmare's name is James Spitzer.' " *Id.* We determined on appeal that these comments amounted to improper argument. *Id.* at 11.

Wn. App. 844, 848-50, 326 P.3d 876 (2014).  And *Lunsford v. Saberhagen Holdings, Inc.* involved an appeal from a summary judgment ruling.  139 Wn. App. 334, 337, 160 P.3d 1089 (2007), *aff'd*, 166 Wn.2d 264, 208 P.3d 1092 (2009).  Again, an issue that we review de novo.  *Id.* at 338.

As discussed above, we review a ruling on a motion to recuse for abuse of discretion.  And, based on the totality of then-existing circumstances, the trial court did not abuse its discretion by denying Spitzer's motion to recuse.

2.  De Novo Resentencing

Spitzer also argues the trial court erred by failing to conduct a de novo resentencing.  Specifically, he asserts that the court did not exercise independent discretion and instead "imposed the maximum sentence simply because it imposed the maximum at the original sentencing."  We disagree.

We will reverse a sentencing court's decision only if the court clearly abused its discretion or misapplied the law.  *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997).  When an appellate court remands a case for resentencing without any specific instructions or prohibitions, "the resentencing court should consider sentencing de novo and entertain any relevant evidence that it could have heard at the first sentencing.  *State v. Dunbar*, 27 Wn. App. 2d 238, 246, 532 P.3d 652 (2023).  The resentencing court is free to consider any matters relevant to sentencing, even those that were not raised at the first sentencing, including rehabilitation evidence.  *Id.* at 248.  The trial court may then impose "the identical sentence or a greater or lesser sentence within its discretion."  *Id*. at 249.

The court exercises its discretion "by conducting a full, adversarial resentencing proceeding, giving both sides the opportunity to be heard." *State v. Toney*, 149 Wn. App. 787, 793, 205 P.3d 944 (2009). The "important components of the [resentencing] process are that parties be allowed to present their arguments and that the judge exercises their independent discretion in sentencing." *State v. Vasquez*, No. 102045-7, slip op. at 14 (Wash. Dec. 19, 2024), https://www.courts.wa.gov/opinions/pdf/1020457.pdf.

Here, the trial court conducted a full, adversarial resentencing, giving Spitzer and the State an opportunity to be heard. The State asked for a high-end sentence for the same reasons it presented at the first sentencing. Spitzer relied on his previous sentencing memorandum and, again, asked for a low-end sentence. The trial court considered the arguments and determined that based on the reasons it gave at the first sentencing, it still "believe[d] the high end of this sentence is appropriate, given the nature of the offense and the facts that [it] heard at the trial." The record shows that after considering the parties' arguments, the trial court properly exercised its independent discretion and imposed a sentence at the high-end of the standard range.

Still, citing *Dunbar*, Spitzer argues the court erred because it "never addressed whether there was any possible rehabilitation evidence" and, pointing to the court's own words, viewed Spitzer's resentencing as "simply . . . a matter of math." But *Dunbar* is inapt here.

In *Dunbar*, Division Three of our court remanded the defendant's convictions for resentencing. 27 Wn. App. 2d at 240-41. The resentencing judge

was not the same judge that originally sentenced the defendant. *Id.* at 241-42. At the resentencing hearing, the defendant submitted evidence of rehabilitation that occurred after his first sentence. *Id.* at 241. Specifically, he showed documentation of his participation in a treatment program, certificates of completed prison programs, and related awards. *Id.* The trial court noted that " 'what is before this Court is whether I should change the sentence' " imposed by the previous judge. *Id.* at 241-42. It then explained that while the defendant " 'has provided the Court with information about what he has done since being incarcerated, . . . the Court cannot take that into consideration and shouldn't take that into consideration.' " *Id.* at 242.

Division Three reversed and remanded for another resentencing. *Dunbar*, 27 Wn. App. 2d at 250. It explained that a de novo sentencing means the court can consider any matters relevant to sentencing, even those not raised at the first sentencing hearing. *Id.* at 248. And that a resentencing judge "may not rely on a previous court's sentence determination and fail to conduct its own independent review." *Id.* at 249.

This case is different than *Dunbar*. Here, Spitzer did not offer any new evidence or evidence of rehabilitation at his resentencing. Even so, he suggests the court should have "addressed whether such evidence existed." But a de novo resentencing presents the opportunity for "the parties" to present all relevant evidence. RCW 9.94A.530(2). Spitzer provides no support for his argument that the court must affirmatively search for such evidence. So, we presume he found none. *See Carter v. Dep't of Soc. & Health Servs.*, 26 Wn.

App. 2d 299, 317, 526 P.3d 874 (2023) (When "a party cites no authorities supporting its argument, we may assume that counsel searched diligently and found none.").

Nor does Spitzer show that the trial court failed to independently review the information provided at his resentencing. Spitzer argues that the court's comment that "[t]his is simply now essentially a matter of math, given the fact there's just a new sentencing range," shows that the court failed to exercise independent discretion. But he takes the comment out of context. The trial court made the remark while addressing Spitzer's *motion for recusal*. The court ruled:

> As I stated earlier, [the illegal sentence] issue was not brought before me at the time of sentencing previously. It has now been corrected. I don't see any basis for recusal. This is simply now essentially a matter of math, given the fact there's just a new sentencing range.

The court then gave both parties the opportunity to argue their sentencing recommendations. The trial court's "math" comment does not show that it avoided exercising its discretion at resentencing.[4]

---

[4] In a statement of additional authorities, Spitzer argues that *Vasquez*, No. 102045-7, supports his argument. We disagree. In *Vasquez*, the resentencing judge chose not to consider some of the proffered evidence, did not allow the defendant to make certain arguments, and stated he wanted to " 'honor' " the first sentencing judge's decisions. *Id.*, slip op. at 12-13. Our Supreme Court concluded that another resentencing was appropriate because "the court seemingly misunder[stood] its discretion." *Id.* at 13-14. But here, the record shows that the resentencing court understood and exercised its discretion.

Because we conclude that the court did not abuse its discretion by denying Spitzer's motion to recuse or by imposing a high-end standard-range sentence, we affirm.

Brunner, J

WE CONCUR:

Coburn, J.

Hazelrigg, ACJ